# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00408-CR

**Hue-Jun Yandell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 50,635, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

A jury found appellant Hue-Jun Yandell guilty of murder and assessed punishment at imprisonment for thirty years. Appellant brings forward six issues or points of error urging that he could not be convicted of felony murder, and that the evidence is legally and factually insufficient to sustain a conviction for either intentional murder or murder in the course of committing an act clearly dangerous to human life. *See* Tex. Penal Code Ann. § 19.02(b) (West 1994). We will overrule these contentions and affirm.

## BACKGROUND

At some time between the hours of 9:00 p.m. and 2:00 a.m. on November 7 and 8, 1999, there was a confrontation between Carlo Rossi, in his pickup truck, and the occupants of a Honda Accord belonging to the deceased, Hector Duarte, Jr. According to Rossi, the Accord pulled up beside him at a stop light. The occupants of the Accord had crowbars and weapons.

As Rossi drove away after the light changed, the Accord passed him. An object thrown from the Accord struck Rossi's truck, denting it. One of the occupants of the Accord, Marco Sanchez, testified that he and Duarte exchanged words with Rossi at the stoplight, but denied that they threw anything at him.

At around 2:30 a.m., Rossi and several of his friends, including appellant, Jose Ochoa, and Michael Shaw, undertook to find the Accord. They were in appellant's Mazda, which Ochoa drove because appellant had been drinking. After two hours of looking, they spotted the Accord at a convenience store. At this point, the Accord was occupied by Duarte, who was driving, Sanchez, and Joshua Plummer. Ochoa attempted to block the Accord's exit with the Mazda, but was unsuccessful. The Accord drove away from the store, pursued by the Mazda.

Appellant and his companions saw that Sanchez and Plummer were armed with a baseball bat and a metal pipe. Appellant testified that he was afraid of being beaten, and that he took out the .45 caliber pistol he kept under his passenger seat after something was thrown from the Accord. Rossi, Ochoa, and Shaw testified that they urged appellant not to shoot and to put the gun away; appellant confirmed this. Disregarding the urgings of his companions, appellant rested the muzzle of the pistol on the Mazda's outside mirror and fired three shots at the Accord. Appellant claimed he was shooting at the Accord's tires. One of the bullets struck Duarte in the head. The Accord swerved and struck a parked vehicle. The Mazda sped away, and appellant threw his pistol into a vacant lot. Duarte died three days later.

Appellant insisted that he did not intend to shoot anyone and denied deliberately shooting into the passenger compartment of the Accord. Appellant said that he thought the driver

2

of the Accord had lost control, perhaps because a tire had been punctured, and did not realize until later that Duarte had been shot.

The indictment contained three paragraphs, each accusing appellant of murdering Duarte under one of the three statutory forms of the offense. Paragraph one alleged that appellant "intentionally and knowingly cause[d] the death of an individual, Hector Duarte, Jr., by shooting him in the head with a deadly weapon, to-wit: a firearm." *See* Tex. Penal Code Ann. § 19.02(b)(1). Paragraph two alleged that appellant, "intending to cause serious bodily injury" to Duarte, "commit[ted] an act clearly dangerous to human life, to-wit: did then and there fire a deadly weapon, to-wit: a firearm at an automobile being driven by the said Hector Duarte, Jr., thereby causing the death of the said individual." *See id.* § 19.02(b)(2). Paragraph three alleged that appellant:

> attempt[ed] to commit and did commit a felony, to-wit: deadly conduct and in the course of and in the furtherance of and in the immediate flight from the said felony did then and there intentionally and knowingly attempt to commit and did commit an act which was clearly dangerous to human life, to-wit: did then and there fire a deadly weapon, to-wit: a firearm at a motor vehicle occupied by Hector Duarte, Jr., which said act cause the death of Hector Duarte, Jr.

*See id.* § 19.02(b)(3).

## FELONY MURDER ISSUES

Appellant moved to quash paragraph three of the indictment on the ground that deadly conduct cannot be the underlying offense in a prosecution for felony murder. Alternatively, appellant urged that paragraph three was defective because it failed to allege the

culpable mental state for deadly conduct. Appellant also advanced the latter argument in an objection to the jury charge. The overruling of the motion to quash and of the objection to the charge are the subjects of appellant's fourth, fifth, and sixth points of error.

### Can deadly conduct underlie felony murder?

A person commits felony murder if he:

> commits or attempts to commit a felony, *other than manslaughter*, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code Ann. § 19.02(b)(3) (emphasis added).

In one of its first opinions construing the felony murder statute, the court of criminal appeals indicated that it contained a general "merger doctrine" under which a prosecution for felony murder could not be maintained if the homicidal act was included in the underlying felony. *See Garrett v. State*, 573 S.W.2d 543, 546 (Tex. Crim. App. 1978). The court wrote, "There must be a showing of felonious criminal conduct other than the assault causing the homicide." *Id*. The court recently disavowed this language, holding that "*Garrett* hereinafter stands only for the proposition that a conviction for felony murder under section 19.02(b)(3), will not lie when the underlying felony is manslaughter or a lesser included offense of manslaughter." *Johnson v. State*, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999). It is appellant's contention that deadly conduct is a lesser included offense of manslaughter and therefore cannot underlie a conviction for felony murder.

4

In *Rodriguez v. State*, 953 S.W.2d 342, 354 (Tex. App.–Austin 1997, pet. ref'd), this Court concluded that deadly conduct could serve as the underlying offense for felony murder. We based this conclusion on a holding that under the plain language of section 19.02(b)(3), only manslaughter was excluded as an underlying felony. Our interpretation of the felony-murder statute must yield to that of the court of criminal appeals. *Rodriguez* does not speak to the question of whether deadly conduct is a lesser included offense of manslaughter.

In Texas, a lesser included offense is defined by statute. *See* Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981). In each of the four subdivisions of article 37.09, the purported lesser included offense is compared to the offense for which the accused is on trial in order to determine if the accused is entitled to a jury instruction authorizing his conviction for the lesser offense. *See id.* But under *Johnson*, the question is not whether the underlying offense is included within the charged offense of felony murder, but whether it is included within the offense of manslaughter. And the purpose of the question is not to determine whether the accused is entitled to an instruction authorizing his conviction for the lesser offense, but to determine whether that offense may serve as the underlying offense for felony murder under section 19.02(b)(3). The application of article 37.09 in the *Johnson* context therefore requires a comparison of the elements of the underlying offense alleged in the felony-murder indictment with the statutory elements of manslaughter.

A person commits manslaughter if he "recklessly causes the death of an individual." Tex. Penal Code Ann. § 19.04 (West 1994). A person commits felony deadly conduct if he "knowingly discharges a firearm at or in the direction of: (1) one or more

5

individuals; or (2) a habitation, building or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied." Tex. Penal Code Ann. § 22.05(b), (e) (West 1994).[1] In this cause, the State alleged that appellant killed Duarte in the course of committing deadly conduct under section 22.05(b)(2), *i.e.*, in the course of discharging a firearm at a vehicle occupied by Duarte.

An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the greater offense. *See* Tex. Code Crim. Proc. Ann. art. 37.09(1). To prove the alleged deadly conduct under section 22.05(b)(2), the State was required to prove that appellant knowingly discharged a firearm, a fact not required to establish the commission of manslaughter.

An offense is a lesser included offense if it differs from the greater offense only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission. *See* Tex. Code Crim. Proc. Ann. art. 37.09(2). While deadly conduct under section 22.05(b)(2) involves a less serious injury than manslaughter, it also differs from manslaughter because it requires proof that the accused knowingly discharged a firearm.

An offense is a lesser included offense if it differs from the greater offense only in the respect that a less culpable mental state suffices to establish its commission. *See* Tex. Code

---

[1] Another theory of the offense is only a class A misdemeanor. *See* Tex. Penal Code Ann. § 22.05(a), (e) (West 1994).

Crim. Proc. Ann. art. 37.09(3). Deadly conduct under section 22.05(b)(2) requires proof of knowing conduct, a more culpable mental state than the recklessness required for manslaughter.

An offense is a lesser included offense if it consists of an attempt to commit the greater offense. *See* Tex. Code Crim. Proc. Ann. art. 37.09(4). An attempt requires the specific intent to commit the offense attempted. Tex. Penal Code Ann. § 15.01(a) (West 1994). A specific intent to commit manslaughter is not an element of deadly conduct under section 22.05(b)(2). In any event, it is impossible to specifically intend to recklessly kill another. *See Gonzales v. State*, 532 S.W.2d 343, 345 (Tex. Crim. App. 1976).

We conclude that the deadly conduct offense alleged in the indictment was not a lesser included offense of manslaughter. Under *Johnson*, appellant could be prosecuted for felony murder based on a homicide committed during the course of committing the alleged deadly conduct. Point of error four is overruled.

### Must the elements of the underlying offense be alleged?

Appellant also urges that paragraph three of the indictment was defective because it failed to allege the culpable mental state for the underlying offense of deadly conduct. Deadly conduct under section 22.05(b)(2) contains two culpable mental states: the actor must knowingly discharge a firearm at or in the direction of a vehicle and must be reckless as to whether the vehicle is occupied. *See* Tex. Penal Code Ann. § 22.05(b)(2).

Paragraph three alleged that appellant, in the course of committing deadly conduct, intentionally and knowingly committed an act clearly dangerous to human life, "to-wit: did then

7

and there fire . . . a firearm at a motor vehicle occupied by Hector Duarte, Jr." Because the alleged dangerous act was the discharge of a firearm at a vehicle, the allegation that appellant committed the dangerous act intentionally and knowingly also constituted an allegation that appellant knowingly discharged the firearm at the vehicle. Appellant's contention that this element of deadly conduct was not alleged in the indictment is without merit.

Paragraph three did not allege that appellant was reckless as to whether the vehicle was occupied. The State argues that this omission was not error because the elements of the underlying offense need not be alleged in an indictment for felony murder. The State argues by analogy to capital murder in the course of committing a felony. *See* Tex. Penal Code Ann. § 19.03(a)(2) (West 1994). It has been held that the State is not required to allege the constituent elements of the underlying felony in an indictment pursuant to section 19.03(a)(2), even if the accused files a motion to quash. *See Barnes v. State*, 876 S.W.2d 316, 323 (Tex. Crim. App. 1994); *Hammett v. State*, 578 S.W.2d 699, 707-08 (Tex. Crim. App. 1979). "Under the new Penal Code, an indictment charging one offense during the commission of another crime need not allege the elements of the latter offense." *Hammett*, 578 S.W.2d at 708. This statement appears to dispose of appellant's contention.

Assuming for the sake of argument that the indictment should have alleged that appellant was reckless as to whether Duarte's vehicle was occupied, the omission did not prejudice appellant's substantial rights. *See* Tex. Code Crim. Proc. Ann. art. 21.19 (West 1989); *Adams v. State*, 707 S.W.2d 900, 904 (Tex. Crim. App. 1986); *see also* Tex. R. App. P. 44.2(b). "The important question is whether a defendant had notice adequate to prepare his defense." *Adams*,

707 S.W.2d at 903. The record reflects that appellant was fully aware of the crime for which he was accused and the factual allegations on which that accusation rested, and appellant does not contend that his defense was impaired by the wording of the indictment.

Appellant argues that because the underlying felony provides the culpable mental state for felony murder, it is necessary to allege the culpable mental state of the underlying felony in a felony-murder indictment. *See Lamb v. State*, 680 S.W.2d 11, 15 (Tex. Crim. App. 1984); *Rodriguez v. State*, 548 S.W.2d 26, 28-29 (Tex. Crim. App. 1977). But the legal convention by which the underlying felony provides the culpable mental state for felony murder is inherent in the statutory definition of the offense, and is not dependant on the wording of the indictment in a particular case. *See Rodriguez*, 953 S.W.2d at 349-50 (discussing legislature's authority to define elements of felony murder). The failure to allege an element of an offense no longer renders the indictment fundamentally defective. *See Studer v. State*, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990).

If the omission of the recklessness element of section 22.05(b)(2) was a defect in the indictment, and if the district court therefore erred by overruling the motion to quash paragraph three, the error did not prejudice appellant's substantial rights. Point of error five is overruled.

In his sixth point of error, appellant urges that because of the alleged defect in paragraph three of the indictment, the district court should not have authorized his conviction for felony murder. Appellant argues that because the indictment did not allege the culpable mental state required for deadly conduct (an allegation we have found to be only partly correct), and

9

because the underlying felony provides the culpable mental state for felony murder, the court's charge had the effect of authorizing his conviction on a theory not alleged.

Our discussion of the previous point of error also disposes of this point. The elements of felony murder are defined by statute. The defect in the indictment, if any, did not prohibit appellant's conviction for felony murder. The district court did not err by overruling appellant's objection to the charge. Point of error six is overruled.

## SUFFICIENCY OF THE EVIDENCE

In points of error one, two, and three, appellant contends the evidence is legally and factually insufficient to sustain his conviction under paragraphs one and two of the indictment.[2] Appellant argues that the evidence fails to show that he intended to kill or seriously injure Duarte, as required for a conviction under paragraphs one and two respectively.

When the indictment alleges alternate theories of committing the same offense, it is proper for the jury to be charged in the disjunctive and to return a general verdict of guilty. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *see* Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (West 1981) (verdict must be general). The conviction will be upheld if the evidence is sufficient to support a finding of guilt under any one of the theories submitted. *Kitchens*, 823 S.W.2d at 258; *Nevarez v. State*, 847 S.W.2d 637, 643 (Tex. App.—El Paso 1993, pet. ref'd).

---

[2] Point three urges that these theories of the offense should not have been submitted to the jury because there was no evidence to support them. Such a point is effectively a challenge to the sufficiency of the evidence. *See Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993).

We have overruled appellant's points of error by which he asserted that he could not be prosecuted for felony murder and that the district court erred by submitting that theory of the offense to the jury. The court properly authorized appellant's conviction for murder if the jury found that he intentionally or knowingly killed Duarte, or if the jury found that he committed an act clearly dangerous to human life with the intent to seriously injure Duarte, or if the jury found that he intentionally or knowingly committed an act clearly dangerous to human life while in the course of committing deadly conduct. Appellant admitted that he intentionally fired at Duarte's vehicle knowing that it was occupied, and he does not challenge the sufficiency of the evidence to sustain a verdict of guilty under the felony murder theory. Under the circumstances, we need not decide if the evidence would sustain a conviction on the other theories of the offense. Points of error one, two, and three are overruled.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   April 12, 2001

Publish

11