Opinion filed June 8, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 8, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                _____________

 

                                                          No. 11-05-00219-CR 

                                                  ____________

 

                            MICHAEL SCOTT TOWNSEND, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 220th District Court

 

                                                      Comanche
County, Texas

 

                                       Trial
Court Cause No. 04-10-02667-CCCR

 



 

                                                                   O
P I N I O N

 

The jury convicted Michael Scott Townsend of
attempted capital murder and assessed his punishment at forty years
confinement.  We affirm.








There is no challenge to the sufficiency of the
evidence.  On September 30, 2004, at
approximately 1:00 a.m., Comanche Police Officer Ben Rowell was on patrol.  Officer Rowell  was looking for a white Ford Taurus that had
been reported stolen.  He saw a vehicle
matching the description near appellant=s
business.  Appellant got out of the
vehicle and was trying to unlock the gate when Officer Rowell pulled in behind
him.  Appellant jumped the fence, and
Officer Rowell announced that he was an officer and yelled for appellant to
stop.  Appellant then turned and fired
two shots at Officer Rowell.  Officer
Rowell returned fire. Officer Rowell returned to his police car and called for
backup.  Other officers arrived and began
to search for appellant. 

The officers went to a nearby residence where an
unlawful entry had been reported. 
Suzanne Jones testified that appellant broke a latch on her door and
entered her home.  She stated that
appellant appeared very nervous and that he left when he saw the police
lights.  The officers heard shots at
another residence and went to that area. 
Officer Rowell and Deputy Robert Jolley took cover in the carport area
of the residence, and they saw appellant through the window of the
residence.  Appellant had a gun.  Officer Rowell testified that appellant
turned toward the window and  raised the
gun in the officers=
direction and that Officer Rowell and Deputy Jolley both fired at the
residence.  Deputy Jolley testified that
appellant fired at the officers first and that they returned fire.

Officer Rowell and Deputy Jolley both testified
that appellant fired in their direction from inside the residence.  One of the shots fired by appellant struck
Deputy Jolley.  Deputy Jolley was
bleeding from his head and had to retreat to another location for
assistance.  Appellant continued to fire from
inside the residence.  Appellant then
yelled to the officers that he was injured and was coming out of the
residence.  Appellant was ordered to come
out of the house with his hands up and lie down on the ground.  Appellant was handcuffed, and the officers
conducted a Apat down@ search for weapons.  The officers found a pistol in appellant=s pocket as well as a hypodermic
needle.  Appellant was taken to the
hospital and treated for a bullet wound to his hip.  Deputy Jolley suffered injuries to his head,
neck, and shoulder as a result of shots fired by appellant.   








In his first and second issues on appeal,
appellant complains that the trial court erred in denying his requested jury
instructions on the lesser included offenses of manslaughter and criminally
negligent homicide.  A defendant is
entitled to a charge on a lesser offense only if the  lesser included offense is included within
the proof necessary to establish the offense charged and only if there is some
evidence that would permit the jury rationally to find that, if the defendant
is guilty, he is guilty only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 672
(Tex. Crim. App. 1993).  The credibility
of the evidence and whether it conflicts with other evidence or is controverted
may not be considered in determining whether an instruction on a lesser
included offense should be given.  See
Banda v. State, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994).  Regardless of its strength or weakness, if
any evidence raises the issue that the defendant was guilty only of the lesser
included offense, then the charge must be given.  See 
Medina v. State, 7 S.W.3d 633, 638 (Tex. Crim. App. 1999).

Appellant was charged with and convicted of the
offense of attempted capital murder.  A
person commits an attempt offense if Awith
specific intent to commit an offense, he does an act amounting to more than
mere preparation that tends but fails to effect the commission of the offense
intended.@  Tex.
Pen. Code Ann. '
15.01(a) (Vernon 2003).  A person commits
manslaughter if he recklessly causes the death of an individual.    Tex.
Pen. Code Ann. '
19.04 (Vernon 2003).  A person acts
recklessly when he is aware of but consciously disregards a substantial and
unjustifiable risk.  Tex. Pen. Code Ann. ' 6.03(c) (Vernon 2003).  A person commits criminally negligent
homicide if he causes the death of someone by criminal negligence.  Tex.
Pen. Code Ann. '
19.05 (Vernon 2003).  A person acts with
criminal negligence when he should be aware of a substantial and unjustifiable
risk.  Tex.
Pen. Code Ann. '
6.03(d) (Vernon 2003).

 For a
person to commit an offense under Section 15.01(a), the attempt statute, the person
must have Athe
specific intent to commit@
the offense attempted.  The attempt
statute does not apply when the culpable mental state for the offense attempted
is less than knowing.  Gonzales v.
State, 532 S.W.2d 343, 345 (Tex. Crim. App. 1976); Strong v. State,
87 S.W.3d 206, 217 (Tex. App.CDallas
2002, pet. ref=d); Yandell
v. State, 46 S.W.3d 357, 361 (Tex. App.CAustin
2001, pet. ref=d).  Therefore, Section 15.01(a) does not apply to
manslaughter and criminally negligent homicide, and the trial court did not err
in refusing to give the requested instructions. 
Appellant=s first
and second issues on appeal are overruled.

In his third and fourth issues on appeal,
appellant argues that the trial court erred in excluding testimony.  A trial court=s
decision to admit or exclude evidence is reviewed under an abuse of discretion
standard.  Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001). 
An appellate court will not reverse a trial court=s
ruling unless that ruling falls outside the zone of reasonable
disagreement.  Zuliani v. State,
97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Burden, 55 S.W.3d at 615.








Appellant complains in his third issue on appeal
that the trial court erred in excluding testimony concerning a conversation
appellant=s mother
had with Deputy Jolley.  During the
cross-examination of Deputy Jolley, appellant=s
attorney asked whether Deputy Jolley remembered a conversation with appellant=s mother after the offense.  The State objected to relevance, and the
trial court allowed appellant to develop the connection.  Appellant=s
attorney asked if Deputy Jolley remembered appellant=s
mother Acrying
and stating how sorry she was this had happened.@  Deputy Jolley responded Ayes,@
and the State again objected to relevance. 
Appellant=s
attorney then asked whether Deputy Jolley remembered telling appellant=s mother that Ait
wasn=t
[appellant, it] was the drugs.@
Deputy Jolley responded Ano@; however, the trial court sustained
the State=s
objection.  Appellant=s attorney asked if Deputy Jolley
denied making that statement, and the trial court again sustained the State=s objection to the question.

Appellant called his mother to testify on his behalf.  During direct-examination, appellant=s attorney asked about her conversation
with Deputy Jolley.  Appellant=s mother testified that she told Deputy
Jolley that she was Asorry
about this situation that had happened.@  The State objected to rele-vance, and the
trial court continued the questioning outside the presence of the jury.
Appellant=s mother
stated that Deputy Jolley told her A[t]hat
was not [appellant] that shot me, but the drugs. . . . That=s what drugs do to people.@ 
Appellant=s
attorney informed the trial court that he was offering the statement to impeach
the testimony of Deputy Jolley.  The
trial court did not allow the statement to be heard by the jury on the basis
that it was Aon a collateral
issue.@

We agree that the statement was on a collateral
issue. Tex. R. Evid. 401 defines
relevant evidence as Aevidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.@  For evidence to be relevant, it should be Ahelpful in determining the truth or
falsity of any fact that is of consequence to the lawsuit.@ 
Montgomery v. State, 810 S.W.2d 372, 376 (Tex. Crim. App. 1991);
Felan v. State, 44 S.W.3d 249, 255 (Tex. App.CFort
Worth 2001, pet. ref=d).
The trial court did not err in excluding the evidence.  Appellant=s
third issue on appeal is overruled.








In his fourth issue on appeal, appellant complains
that the trial court erred in excluding the testimony of his father.  During the examination of appellant=s father, appellant=s attorney asked about appellant=s experience with firearms and
hunting.  The State objected to
relevance, and the trial court allowed a little Alatitude.@ 
Appellant=s
attorney asked, AIs this
incident that took place with [appellant] here - - we=re
here today totally out of character for him?@  The trial court sustained the State=s objection.  Appellant contends that the evidence was
relevant character evidence pursuant to Tex.
R. Evid. 404(a)(1)(A).  

Rule 404(a)(1)(A) allows the accused to offer
evidence of a Apertinent
character trait.@  A pertinent trait is Aone
that relates to a trait involved in the offense charged or a defense raised.@ 
Spector v. State, 746 S.W.2d 946, 950 (Tex. App.CAustin 1988, pet. ref=d). 
The excluded testimony was not evidence of a pertinent character trait
of appellant.  The trial court did not
abuse its discretion in sustaining the State=s
objection to appellant=s
question.  Appellant=s fourth issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

June 8, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.