

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00319-CR

DUSTIN RYAN RHOADES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 65,540-D, Honorable Don R. Emerson, Presiding

September 15, 2015

## CONCURRING OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

I concur with not only the result reached but also the reasoning of my colleagues; however, I write separately to address the confusion created by the lack of clarity in the indictment in this case as it pertains to the allegation of the offense commonly referred to as "felony murder." I also write to emphasize the fact that when the State relies on deadly conduct as the underlying felony, it should plead and must prove the knowing discharge of a firearm. The majority opinion proficiently sets forth the facts of this case; therefore, I will not repeat those facts at this juncture.

Appellant, Dustin Ryan Rhoades, was charged by indictment with the murder of Deans Anderson. The indictment alleged two alternative theories. Paragraph one alleged Appellant "did then and there intentionally and knowingly cause the death of an individual, namely, Deans Anderson, by shooting him with a firearm." *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). Paragraph two of the indictment alleged Appellant "did then and there intentionally or knowingly commit or attempt to commit an act clearly dangerous to human life, to-wit: *pointing a firearm* at or in the direction of Deans Anderson, that caused the death of Deans Anderson, and [Appellant] was then and there in the course of intentionally or knowingly committing a felony, to-wit: Deadly Conduct, and said death of Deans Anderson was caused while [Appellant] was in the course of and in furtherance of the commission or attempt of said felony." *See id.* at § 19.02(b)(3).

Prior to trial, Appellant filed a motion to quash the indictment wherein he argued that "[a]s alleged, Deadly Conduct is an act Reckless in its level of culpability, and is therefore a lesser included offense of Manslaughter . . . ." Appellant goes on to allege "[t]he Indictment must state a felony other than Manslaughter, and then a *separate* act clearly dangerous to human life that causes death. As to both of these arguments, Appellant was simply incorrect.

ANALYSIS

First, the indictment clearly, plainly, and explicitly alleges Appellant intentionally or knowingly committed the *felony* offense of deadly conduct. Felony deadly conduct

2

can only be committed if the actor *knowingly discharges* a firearm. *See id.* at § 22.05(b), (e). Because felony deadly conduct requires the heightened mental state of "knowingly" and the additional element of discharge of a firearm, it is not a lesser included offense of manslaughter as alleged by Appellant. *See Washington v. State,* 417 S.W.3d 713, 722 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Yandell v. State,* 46 S.W.3d 357, 361 (Tex. App.—Austin 2001, pet. ref'd.)).

Secondly, as more fully discussed in the majority opinion, in order to constitute the offense of felony murder, the act that must be "clearly dangerous to human life that causes death" does not have to be (although it can be) an act separate and distinguishable from the offense of deadly conduct. When, however, the underlying offense is deadly conduct, it must be *felony* deadly conduct, i.e., it must involve the knowing discharge of a firearm. *Washington,* 417 S.W.3d at 721 ("discharged a firearm"); *Miles v. State,* 259 S.W.3d 240, 247 (Tex. App.—Texarkana 2008, pet. ref'd) ("shooting a firearm"); *Yandell,* 46 S.W.3d at 361 ("discharged a firearm"); *Rodriguez v. State,* 953 S.W.2d 342, 354 (Tex. App.—Austin 1997, pet. ref'd) ("shooting a firearm").

In his motion to quash, Appellant failed to complain about the fact that the indictment did not state *how* he committed the felony offense of deadly conduct. This is perhaps due to Appellant's failure to clearly distinguish between separate elements of a felony murder: (1) commission or attempted commission of an act clearly dangerous to human life that causes the death of an individual, in the course of and in furtherance of (2) the commission or attempted commission of a felony. In this case paragraph two of the indictment alleged how Appellant committed an act clearly dangerous to human life, to-wit: pointing a firearm at the victim, but it did not allege how he committed the offense

3

of felony deadly conduct. Because Appellant's motion to quash did not address this deficiency, the trial court did not err in denying his motion to quash and, as more fully detailed in the majority opinion, the evidence presented was legally sufficient to establish the commission of felony deadly conduct.

CONCLUSION

In future indictments where the State relies upon deadly conduct as the underlying felony in a felony murder indictment, it would be well advised to specify how the defendant committed the offense of deadly conduct. Likewise, when in doubt, a defendant should be more specific when questioning the sufficiency of an indictment. Finding no reversible error, I concur in the decision of the majority to affirm the judgment of the trial court.

Patrick A. Pirtle
Justice

Do not publish.