

**NUMBER 13-14-00750-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CHRISTOPHER CORDIL-
CORTINAS,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

---

### On appeal from the 377th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Christopher Cordil-Cortinas challenges his conviction for one count of felony murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West, Westlaw through 2015 R.S.). We affirm.

## I. BACKGROUND

On February 27, 2014, Officer Steven Lang of the Victoria Police Department responded to a report of an intoxicated driver in the drive-through line of a McDonald's. Officer Lang approached the vehicle and the driver, appellant, rolled down the driver's side window "three or four inches." At that time, Officer Lang observed that appellant had a "droopy facial expression and glassy eyes and slurred speech." Officer Lang asked appellant for his identification. According to Officer Lang, appellant first appeared to be reaching for his driver's license but then rolled up the window and drove off at a high rate of speed down Rio Grande Street. A short distance away, appellant's vehicle collided with one driven by Cynthia Partida. Partida died as a result of the injuries she sustained in the collision.

The State charged appellant by indictment with felony murder, *see id.*, and alleged two alternative theories of the offense in separate paragraphs of the indictment. In Paragraph 1, the State alleged that appellant caused Partida's death in the course of committing the felony of driving while intoxicated.[1] *See id.* §§ 49.04, 49.09 (West, Westlaw through 2015 R.S.). The State alleged in Paragraph 2 of the indictment that appellant caused Partida's death in the course of committing the felony of evading arrest with a motor vehicle. *See id.* § 38.04 (West, Westlaw through 2015 R.S.).

Appellant chose to enter an open plea of guilty and request the trial court to assess punishment. Appellant executed a plea memorandum under oath in which he agreed that his plea was freely and voluntarily made, that he waived his rights to a jury trial and to

---

[1] The indictment further alleged that appellant had previously been convicted two or more times of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b) (West, Westlaw through 2015 R.S.) (providing that the offense of driving while intoxicated is a third-degree felony if the defendant has been convicted two or more times of driving while intoxicated).

confront the witnesses against him, and that he would give an oral stipulation of evidence in open court. Appellant also stated in the memorandum that he "judicially confesses under oath: that each and every allegation contained in the indictment or information which is not waived by the State is true and correct." During the plea hearing, appellant orally stipulated in open court that Officer Lang would testify to the allegations in the indictment and further orally stipulated that "all acts and allegations contained in the State's indictment are true and correct."

The trial court accepted appellant's plea and stipulations and, following a separate hearing on punishment, assessed sentence at imprisonment for life in the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II. DISCUSSION

By three issues, which we have reordered and will address as two, appellant asserts that (1) the trial court lacked jurisdiction because the indictment failed to allege the required mental state for the predicate felony of evading arrest in Paragraph 2 of the indictment and (2) that the evidence is insufficient to support his plea.

### A. Was Paragraph 2 of the Indictment Defective?

Appellant argues by his first issue that Paragraph 2 of the indictment was defective because it did not allege the essential element of a culpable mental state for the underlying felony of evading arrest with a motor vehicle. Appellant reasons that the defect in the indictment deprived the trial court of jurisdiction. We disagree.

An indictment is sufficient to vest the trial court with jurisdiction over a case if it charges a person with an identifiable offense over which the trial court possesses subject matter jurisdiction. *Teal v. State*, 230 S.W.3d 172, 179–80 (Tex. Crim. App. 2007). A

3

defendant must object to any other error in the indictment before the beginning of trial or waives the issue. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West, Westlaw through 2015 R.S.); *Teal*, 230 S.W.3d. at 179. The indictment in this case meets both requirements necessary to vest the trial court with jurisdiction: it charges appellant with the offense of felony murder, and it alleges two alternative predicate offenses, felony driving while intoxicated and evading arrest with a motor vehicle. *See Teal*, 230 S.W.3d. at 179. Appellant waived any other alleged error in the indictment by failing to object to it before the beginning of trial. *See id.* at 181–82 (holding that when the indictment was sufficient to vest the trial court with jurisdiction, the defendant waived his argument that indictment was flawed for not alleging a culpable mental state by not objecting before the beginning of trial).

Further, even if appellant had preserved error, "an indictment charging one offense during the commission of another crime need not allege the elements of the latter offense." *See Hammett v. State*, 578 S.W.2d 699, 708 (Tex. Crim. App. 1979) (en banc) (op. on reh'g). Thus, the indictment in this case was not erroneous for not including the elements of the underlying felony of evading arrest with a motor vehicle. *See id.*; *Yandell v. State*, 46 S.W.3d 357, 362 (Tex. App.—Austin 2001, pet. ref'd) (applying the holding of *Hammett* to a felony murder case). We overrule appellant's first issue.

**B. Was the Evidence Sufficient to Support the Guilty Plea?**

By his second and third issues, which we address together, appellant asserts that the evidence was insufficient to support his guilty plea because there was no evidence confirming that appellant: (1) was intoxicated at the time he operated a vehicle and caused Partida's death; (2) had previously been convicted of driving while intoxicated two

4

or more times; and (3) knew Officer Lang was a police officer at the time appellant fled from him.  We disagree.

### 1.  Applicable Law

Article 1.15 of the Texas Code of Criminal Procedure provides that Texas courts may not render a conviction in a felony case based on a plea of guilty "without sufficient evidence to support the same."  TEX. CODE CRIM. PROC. ANN. art. 1.15 (West, Westlaw through 2015 R.S.).  The supporting evidence must embrace each essential element of the charged offense but need not establish the defendant's guilt beyond a reasonable doubt.  *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *Flores-Alonzo v. State*, 460 S.W.3d 197, 203 (Tex. App.—Texarkana 2015, no pet.).  Article 1.15 provides that the defendant may supply this evidence by consenting to the proffer of evidence in the form of testimony or affidavits, or by stipulating orally or in writing as to what the evidence against him would be.  TEX. CODE CRIM. PROC. ANN. art. 1.15; *see Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).  Case law from the Texas Court of Criminal Appeals also authorizes a defendant to testify under oath "specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct." *Menefee*, 287 S.W.3d at 13.  Such a judicial confession is sufficient to support a guilty plea so long as it covers all the elements of the charged offenses.  *Id.* However, a stipulation of evidence or judicial confession that fails to establish every element of the charged offenses will not authorize the trial court to convict.  *Id.* at 14.  A conviction without sufficient evidence to support a guilty plea constitutes trial error.  *Id.*

### 2.  Analysis

We conclude that there is sufficient evidence to support appellant's plea of guilty

5

because he stipulated under oath orally and in writing that all of the allegations in the indictment were true and correct and the indictment contained all the essential elements of the offense. *See* TEX. PENAL CODE ANN. § 19.02(b)(3).

During the plea hearing, the State read out the entire indictment and asked appellant if he stipulated that Officer Lang would testify to those allegations. Appellant answered in the affirmative. The State next asked appellant: "[a]nd, Mr. Cortinas, do you, further, agree and stipulate all acts and allegations contained in the State's indictment are true and correct?" Appellant responded "yes" and his trial counsel also answered in the affirmative. Appellant now argues that the stipulation was not a stipulation but "equivalent to the plea itself" because the State read the indictment before asking appellant to stipulate. We disagree because appellant specifically testified by his stipulation that the allegations against him were true and correct, and the indictment alleged all of the essential elements of the offense. The Texas Court of Criminal Appeals explained in *Menefee* that whether the allegations in the indictment are true and correct is distinct from the nature of the defendant's plea to the charges in the indictment. *See* 287 S.W.3d at 18 ("A guilty plea entered under oath is still just a guilty plea. It does not provide independent evidence to substantiate the defendant's guilt."). The State's reading of the indictment before asking if appellant stipulated to the truthfulness of the indictment's allegations does not remove that distinction. *See id.*; *see also Brown v. State*, No. 13-11-00595-CR, 2012 WL 3594228, at **2–3 (Tex. App.—Corpus Christi Aug. 21, 2012, pet. ref'd) (mem. op., not designated for publication) (holding that a defendant's oral stipulation to the truthfulness of the allegations that was conducted in a similar manner provided sufficient evidence to support the defendant's guilty plea). We conclude

6

that there is sufficient evidence in the record to support appellant's plea of guilty.[2] *See*

*Menefee*, 287 S.W.3d at 13. We overrule appellant's second and third issues.

### III. CONCLUSION

We affirm the trial court's judgment.



NORA LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of November, 2015.

---

[2] At the beginning of the hearing in which appellant pled guilty, his trial counsel asked if appellant "need[ed] to be sworn in." The trial judge replied "You've been sworn in" but the record does not contain appellant's actual oath. Nevertheless, the plea memorandum reflects the trial court's signed confirmation that appellant appeared before the judge and swore to the truthfulness of the plea memorandum. The judicial confession within the plea memorandum specifically confirms that the allegations in the indictment are "true and correct." *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Thus, even if appellant was not sworn in, his written judicial confession in the plea memorandum is itself sufficient to support his plea. *See id.*; *Tijerina v. State*, 264 S.W.3d 320, 323–24 (Tex. App.—San Antonio 2008, pet. ref'd) (holding that a written judicial confession using almost identical language sworn to under oath by the defendant was sufficient evidence to support the guilty plea).