ACCEPTED
13-15-00235-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/3/2015 2:44:35 PM
CECILE FOY GSANGER
CLERK

## NO. 13-15-00235-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF
TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/3/2015 2:44:35 PM
CECILE FOY GSANGER
Clerk

**THE STATE OF TEXAS,**
**Appellant,**

**v.**

**HECTOR GARCIA,**
**Appellee.**

On Appeal from the
24th Judicial District Court
Of Victoria County, Texas
Cause No. 14-05-27962-A

### BRIEF FOR THE STATE OF TEXAS

**STEPHEN B. TYLER**
Criminal District Attorney
Victoria County, Texas

**BRENDAN WYATT GUY**
Assistant Criminal District Attorney
Victoria County, Texas
205 N. Bridge St. Ste. 301,
Victoria, Texas 77901-6576
bguy@vctx.org
(361) 575-0468
(361) 570-1041 (fax)
State Bar No. 24034895

Attorneys for the State of Texas

### ORAL ARGUMENT NOT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a) (2003), the parties to the suit are as follows:

| | |
|---|---|
| **APPELLANT** | **The State of Texas** |
| **APPELLEE** | **Hector Garcia** |
| **TRIAL JUDGE** | **The Honorable Elí Elmo Garza**<br>**377th Judicial District Court**<br>**Victoria, Texas** |
| **TRIAL PROSECUTOR** | **Brendan Wyatt Guy**<br>State Bar No. 24034895<br>Assistant Criminal District Attorney<br>205 N. Bridge St. Ste 301<br>Victoria, Texas 77901-6576 |
| **TRIAL DEFENSE ATTORNEY** | **Micah Wayne Hatley**<br>State Bar No. 24053260<br>The Hatley Law Firm<br>P. O. Box 2113<br>Victoria, Texas 77902 |
| **APPELLATE STATE'S ATTORNEY** | **Brendan Wyatt Guy**<br>State Bar No. 24034895<br>Assistant Criminal District Attorney<br>205 N. Bridge St. Ste 301<br>Victoria, Texas 77901-6576 |
| **APPELLATE DEFENSE ATTORNEY** | **Luis Adrian Martinez**<br>State Bar No. 24010213<br>P.O. Box 410<br>Victoria, Texas 77902-0410 |

# TABLE OF CONTENTS

PAGE (S)

IDENTITY OF PARTIES AND COUNSEL.............................................i

TABLE OF CONTENTS .......................................................ii

INDEX OF AUTHORITIES.................................................iii-iv

STATEMENT OF THE CASE....................................................1-2

ISSUES PRESENTED....................................................... 2

STATEMENT OF THE FACTS .................................................3-7

SUMMARY OF ARGUMENT...................................................7-9

ARGUMENT.................................................................9-26

   I. Appellee's Motion to Quash was untimely and
     thus the trial court committed reversible error
     by ruling upon that motion .......................................9-14

   II. The trial court committed reversible error in
     granting Appellee's motion to quash Count 2 of
     the indictment because that count was legally
     sufficient......................................................14-24

   III. The indictment, when considered as a whole,
     alleged that Count 2 occurred in a public place .................24-26

PRAYER .................................................................. 27

SIGNATURE................................................................ 27

CERTIFICATE OF COMPLIANCE ................................................ 28

CERTIFICATE OF SERVICE .......................................................... 29

# INDEX OF AUTHORITIES

## Texas Cases

*Alba v. State,* 905 S.W.2d 581 (Tex.Crim.App.1995) ........................... 18

*Hammett v. State,* 578 S.W. 2d 699 (Tex. Crim. App. 1979).......... 18, 22

*Harrison v. State,* 76 S.W. 3d 537
(Tex. App.-Corpus Christi 2002, no pet) ........................................ 23, 25

*Hinojosa v. State,* 875 S.W. 2d 339
(Tex. App.-Corpus Christi 1994, no pet) ............................................. 21

*Jarnigan v. State,* 57 S.W. 3d 76
(Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) ................................ 18

*Lehman v. State,* 792 S.W. 2d 82 (Tex. Crim. App. 1990) ................... 23

*Neal v. State,* 150 S.W. 3d 169 (Tex. Crim. App. 2004) .............9, 11-13,
.............................................................................................20-21

*Oliver v. State,* 692 S.W. 2d 712 (Tex. Crim. App. 1985).............. 23, 25

*Pryor v. State,* 651 S.W. 2d 22
(Tex. App.-Dallas 1983, pet. ref'd) ...............................................16-17

*Sanchez v. State,* 138 S.W. 3d 324 (Tex. Crim. App. 2004) ................. 13

*Smith v. State,* 309 S.W. 3d 10 (Tex. Crim. App. 2010) ....................... 14

*State v. Rivera,* 42 S.W. 3d 323
(Tex.App.-El Paso 2001, pet. ref'd) ..................................................... 18

*State v. Rousseau,* 396 S.W. 3d 550 (Tex. Crim. App. 2013) ............... 16

*State v. Zuniga,* 2015 WL 4381064, 13-14-00316-CR
(Tex. App.-Corpus Christi July 16, 2015)
(mem. op. not designated for publication)............................................ 15

*Steen v. State,* 640 S.W. 2d 912 (Tex. Crim. App. 1982)..................15-16

**Texas Statutes**

**TEX. CODE CRIM. PROC. art 28.01 (West 2006)** ............................ 20

**TEX. CODE CRIM. PROC. art 45.019 (West 2006)** ........................... 13

**TEX. TRANSP. CODE §550.001 (West 2011)** ....................5-9, 16, 24-26

**TEX. TRANSP. CODE ANN §550.021 (West 2014)** ..........2, 6-9, 15-19, ............................................................................................21-26

**TEX. TRANSP. CODE §550.023 (West 2011)** .....................2, 6, 8, 16-23

**VERNON's ANN. CIV. ST. art. 6701d, §§ 38**............................... 15, 17

**Texas Rules**

**TEX. R. APP. 9.4**.................................................................... 28

**TEX. R. APP. 38.1**...................................................................... i

## NO. 13-15-00235-CR

### IN THE COURT OF APPEALS
### FOR THE THIRTEEN DISTRICT OF TEXAS
### AT CORPUS CHRISTI

THE STATE OF TEXAS,…..….………………………………..Appelant

v.

HECTOR GARCIA,…………….…………………….…...……...Appellee

\* \* \* \* \*

### STATE'S BRIEF ON THE MERITS

\* \* \* \* \*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, **THE STATE OF TEXAS,** by and through her Criminal

District Attorney, Stephen B. Tyler, and as Appellant in the above numbered

and entitled cause, and files this the Appellant's brief showing:

### STATEMENT OF THE CASE

Appellee was charged by indictment with one count of Intoxication

Manslaughter (Count 1), one count of Accident Involving Personal Injury or

Death (Count 2), and one count of Criminally Negligent Homicide (Count

3). [CR-I-6-8]. On May 4, 2015, Appellee filed a motion to quash Count 2

of the indictment. [CR-I-64-66]. The Appellant submitted a response to that

motion on May 5, 2015. [CR-I-70-72]. On May 5, 2015, the Honorable Elí

Garza presiding, verbally granted Appellee's motion to quash. [RR-V-6].

On May 12, 2015, the Appellant requested the trial court memorialize its

order granting the motion to quash in writing. [CR-I-95-96]. On May 13,

2015, the trial court signed a written order granting the motion to quash on

the grounds that the indictment for Count 2 did not track the statutory

language set forth in Sections 550.021 and 550.023 of the Texas

Transportation Code. [CR-I-101]. The State timely filed its notice of appeal

on May 20, 2015. [CR-I-102-105].

## ISSUES PRESENTED

1) Is a motion to quash untimely when it is filed after a party has announced ready for trial?

2) Did the trial court err in hearing a motion to quash that was untimely filed?

3) Is that an offense occurred in one of the locations listed in Section 550.001 of the Texas Transportation Code an element of an offense alleged under Section 550.021 of the Texas Transportation Code?

4) Did Count 2 of the indictment fully allege an offense under Texas law?

5) Did the trial court fail to properly considering the whole of the indictment when evaluating if Count 2 of the indictment included an accusation that the offense occurred in a public place.

**STATEMENT OF THE FACTS**

On May 2, 2014, Appellee was indicted for one count of Intoxication Manslaughter (Count 1), one count of Accident Involving Personal Injury or Death (Count 2), and one count of Criminally Negligent Homicide (Count 3). [CR-I-6-7]. All three counts included a deadly weapon allegation and were enhanced due to three prior non-State Jail felony convictions. [CR-I-7-8]. All three counts alleged the offenses occurred on February 8, 2014 in Victoria County, Texas. [CR-I-6]. Count 1 specifically alleged that the Appellee was operating a motor vehicle in a public place when he caused the death of Ms. Natalie Nicole Luna by running over her. [CR-I-6]. Count 2 specifically alleged that the Appellee operated a vehicle that struck a pedestrian and caused the death of that pedestrian, Natalie Nicole Luna. [CR-I-6].

Appellee's trial counsel, Mr. Micah Hatley, was appointed on May 14, 2014. [CR-I-14]. The case was set for motion's hearings on August 5, 2014 and again on October 28, 2014. [CR-I-116]. Appellee did not file any motion to quash in advance of these hearings. [CR-I].

On January 6, 2015, another pre-trial motions docket was held for this case. [RR-II-1]. Appellee did not file any sort of motion to quash in advance of that hearing. [CR-I]. Appellee did not request a hearing on a

motion to quash at the January 6, 2015 pre-trial hearing. [RR-II]. Appellee's only motion that was addressed at this hearing was a motion to suppress. [RR-II-4-5].

On February 4, 2015, that motion to suppress hearing was conducted for this case. [RR-III-1]. The trial court established at the end of that hearing that the case would be set for jury docket announcements on February 25, 2015 for trial beginning on March 2, 2015. [RR-III-143]. At no point in this hearing did Appellee indicate he intended to file a motion to quash or request a hearing for such a motion. [RR-III].

On February 25, 2015, the case was set for jury announcements. [RR-IV-1]. At that hearing both the State and the Appellee announced ready for trial. [RR-IV-6]. The trial court then indicated the case would be set for trial on March 23, 2015. [RR-IV-6]. At no time during this hearing did Appellee indicate he intended to file a motion to quash or request a hearing for such a motion. [RR-IV].

The March 23, 2015 trial setting was cancelled and the case was instead set for trial on May 4, 2015. [CR-I-117-118]. On May 4, 2015, the Appellee filed a motion to quash Count 2 of the indictment. [CR-I-64-66]. Amongst other things, this motion alleged that Count 2 of the indictment was defective because it failed to allege that the offense had occurred in one

of the locations listed under Section 550.001 of the Texas Transportation Code. [CR-I-64-65]. Appellee's motion did not provide any justification for why it was filed the day trial was scheduled to begin. [CR-I-64-66]. This motion to quash was filed on May 4, 2015, the same day the jury panel that would hear Appellee's case was sworn and qualified. [CR-I-118; Supplemental CR-I-1]. The case had been scheduled to begin on May 4, 2015 but was reset to the next day due to "scheduling issues with some of the individuals involved in the trial." [Supplemental CR-I-4].

The State filed a response to the Appellee's motion to quash the next day, May 5, 2015, asserting that Appellee's motion was untimely and that the charging language in Count 2 was legally sufficient. [CR-I-70-72].

On May 5, 2015, prior to bringing in the venire panel to begin jury selection in this case, the trial court took up Appellee's motion to quash. [RR-V-6]. The trial court did not permit any argument at this hearing but instead ruled solely upon the written submissions of the parties. RR-V-6]. The trial court granted Appellee's motion to quash without explanation. [RR-V-6]. Appellee did not present any justification for why he had only submitted his motion to quash the day before this hearing, and the trial court did not articulate any finding of good cause for why it was allowing the

motion to be heard despite its late filing and without giving the State seven days to respond to the motion. [RR-V-6].

The State then sought confirmation from the trial court that the court's ruling would not bar the State from proceeding with the accusations contained within Count 2 at some future date. [RR-V-7]. The trial court agreed that jeopardy had not attached as to Count 2. [RR-V-6-7]. The case then proceeded to trial under Counts 1 and 3. [CR-I-117-118].

On May 12, 2015, the State filed a motion requesting the trial court put its order granting the motion to quash Count 2 in writing. [CR-I-95-96]. The trial court submitted a written order on May 13, 2015. [CR-I-101]. The trial court's written order indicated that the court's reason for granting the motion was that the language in the indictment did not track the statutory language of Articles 550.021 and 550.023. [CR-I-101]. The trial court's order did not specify how the language in the indictment failed to track those statutory provisions. [CR-I-101]. The trial court's order did not state if the court was treating it as an element of the offense of Article 550.021 that the State allege the offense occurred in one of the locations described in Article 550.001. The trial court's order did not make any finding of good cause for why the Appellee had filed his motion the day before trial began that

justified proceeding to a ruling on the motion without giving the State seven days to respond to the motion. [CR-I-101].

## SUMMARY OF THE ARGUMENT

Appellee's motion to quash was untimely. Texas law requires motions to quash to be presented at the first opportunity and prohibits permitting them to be heard after the defense has announced ready for trial. Appellee did not present his motion to quash at the first opportunity, and he submitted it after he had already announced ready for trial. As such the trial court committed reversible error in granting the Appellee a hearing on his motion to quash, and the trial court's ruling granting said motion should therefore be reversed.

In the alternative, even if the trial court did not error in granting Appellee a hearing on his motion to quash, the trial court still erred in granting that motion because the indictment as to Count 2 was legally sufficient to be a proper charging instrument. The indictment for Count 2 included all the elements of the offense under Section 550.021 of the Texas Transportation Code (Accident Involving Personal Injury or Death). The locations listed in Section 550.001 of the Texas Transportation Code are not elements of the offense of Section 550.021 and thus do not have to be alleged in the indictment. Nor was the indictment as to Count 2 vague in

regards to how the Appellee violated Section 550.023 of the Texas Transportation Code; the allegations concerning Section 550.023 were a constituent offense of the greater alleged offense of violating Section 550.021 and therefore the State was not required to allege specifics as to how Section 550.023 was violated as part of an indictment alleging a violation of Section 550.021. And while there was a scrivener's error contained within Count 2 of the indictment, that error did not invalidate the count as even with the scrivener's error, Count 2 still fully alleged a violation of Section 550.021, and was so titled by code section and name within the charging language in the indictment. Furthermore, Count 2, when read in conjunction with the indictment as a whole, clearly alleged that the alleged offense occurred within the State of Texas. As such there was no legal basis to quash Count 2, and as such the trial court committed reversible error by granting Appellee's motion to quash.

Furthermore, even should it be held that the State must allege that an offense under Section 550.021 occurred in one of the locations listed in Section 550.001 to constitute a valid indictment, the indictment in this case was still valid as to Count 2 because, when read as a whole, the indictment established that all of the allegations contained within it occurred in a public place. Therefore the indictment did allege that the offense in Count 2

occurred in one of the locations listed with Section 550.001 and thus Count 2 would be legally sufficient to support a charge under Section 550.021.

## **ARGUMENT**

### **I. Appellee's Motion to Quash was untimely and thus the trial court committed reversible error by ruling upon that motion.**

Texas law holds that a motion to quash should be made at the first opportunity. See *Neal v. State,* 150 S.W. 3d 169, 176 (Tex. Crim. App. 2004). Furthermore, the motion to quash must be presented to the trial court prior to an announcement by that party that it is ready for trial. *Id.* Appellee's motion to quash failed to meet either of these requirements, and thus it was plain error for the trial court to even give that motion a hearing, much less to grant the motion.

Pre-trial hearings were set in this case on August 5, 2014, October 28, 2014, and January 6, 2015. [CR-I-116]. Appellee did not file a motion to quash in advance of any of those hearings. [CR-I]. Appellee's pre-trial motion to suppress was heard in another pre-trial hearing that was held in this case on February 4, 2015. [RR-III-1]. Appellee did not raise any motion to quash in advance of that hearing or indicate he intended to file such a motion at that hearing. [CR-I; RR-III]. Jury announcements were then made in this case on February 25, 2015. [RR-IV-1]. Appellee announced ready for trial at that hearing [RR-IV-6], and again did not file

any motion to quash in advance of that hearing or indicate at the hearing that he would be filing a motion to quash. [CR-I; RR-IV-6]. Appellee did not actually file his motion to quash until May 4, 2015 [CR-I-64-66], the day the venire panel that would make up the jury for this case was sworn and qualified and the day for which trial was scheduled to begin. [CR-I-118; Supplement CR-I-1]. The motion to quash was then not heard until the following day, May 5, 2015; the day trial began in this case. [CR-I-119].

From that record it is clear Appellee failed to raise his motion to quash at the first opportunity. Appellee's defense counsel was appointed on May 14, 2014. [CR-I-14]. Thus he had already been assigned to the case for nearly three months by the time of the first pre-trial motion hearing in this case which was held on August 5, 2014. [CR-I-116]. That hearing date was the first opportunity for Appellee to present a motion to quash, and Appellee let the hearing pass without even filing a motion to quash much less arranging to have a hearing held on such a motion. [CR-I]. Nor did Appellee present a motion to quash at the second pre-trial hearing opportunity (October 28, 2014), or the third pre-trial hearing opportunity (January 6, 2015), or the fourth pre-trial hearing opportunity (February 4, 2015) or even the fifth pre-trial hearing opportunity (February 25, 2015.)

[CR-I-116-117]. Thus Appellee entirely failed to meet the *Neal* requirement to have a motion to quash heard at the first opportunity.

But an even more serious *Neal* breach was that Appellee filed his motion to quash long after he had already announced ready for trial. Appellee announced ready for trial on February 25, 2015. [RR-IV-6] Appellee filed his motion to quash more than two months later on May 4, 2015. [CR-I-64]. The Court of Criminal Appeals has established that motions to quash "<u>must</u> be presented to the trial court prior to an announcement by that party that it is ready for trial." *Neal,* 150 S.W. 3d at 176 (emphasis added). Thus this requirement to present the motion to quash before announcing ready for trial is a mandatory rule. It is not subject to any kind of "for good cause" exception and the trial court is not vested with any authority to throw out this requirement. Appellee had an absolute obligation to present any motion to quash before he announced ready in this case, and he certainly had ample opportunity to do so seeing as Appellee's defense counsel had been on the case for nearly nine months and had four previous pre-trial settings prior to his announcement of ready for trial. Thus Appellee clearly violated the requirements set down in *Neal*.

The requirement to submit a motion to quash prior to announcing ready for trial is not an unreasonable rule. The logic behind such a straight

forward requirement is obvious. A party should not be required to prepare for trial (which can involve extensive expenditures in time and money) and the courts should not be required to bring in dozens (if not hundreds) of citizens to serve as veniremen (at considerable disruption to those citizens' own lives) just to have the trial cancelled at the last minute due to the filing of a motion that could easily have been filed and ruled upon months previously. Thus it is entirely sensible to require a party to present any motion to quash prior to announcing ready for trial. Doing so is the best way to promote judicial economy and the efficient administration of justice. Likewise the consequence for failing to timely file such a motion must be forfeiture of the right to have the motion heard. If there are not substantial consequences for violating the *Neal* timeliness rule then the rule is rendering meaningless.

Appellee failed to satisfy the requirement to present a motion to quash before announcing ready for trial. He filed his motion the day trial was scheduled to begin, and this date was over two months after he had already announced ready for trial. [CR-I-64; RR-IV-6] His failure to present this motion to quash before announcing ready for trial violated an absolute requirement, and as such it should have barred him from getting a hearing on his motion to quash. Texas law does not allow for such motions

to be submitted post-announcement of ready for trial on a showing of good cause, and even if it did allow for a good cause exemption, Appellee can hardly show good cause in this case, as he had ample opportunity to file this motion prior to his announcing ready and did not articulate any reasons at all to excuse his late filing of the motion. Thus there was no legal basis for permitting Appellee's motion to be heard, and the trial court erred by granting the motion.

The *Sanchez* case cited in Appellee's motion to quash does not establish any justification for Appellee's untimely filing in this case. *Sanchez* turned on the interpretation of Article 45.019(f) of the Texas Code of Criminal Procedure. See *Sanchez v. State,* 138 S.W. 3d 324, 325 (Tex. Crim. App. 2004). Chapter 45 of the Texas Code of Criminal Procedure deals exclusively with criminal actions in <u>Justice and Municipal courts</u>. *Sanchez,* 138 S.W. 3d at 325 (emphasis added). Therefore Article 45.019(f) (and by extension *Sanchez* itself) has nothing to do with matters in a District Court case. *Sanchez* is about the rules for Class C misdemeanor cases and those rules are and should be very different than the rules for felony offenses. *Neal* not *Sanchez* is the controlling case for challenges to the charging instrument in felony cases, and *Neal* clearly shows that Appellee's

motion was untimely since it was made after the Appellee had already announced ready for trial.

Since Appellee had already announced ready for trial prior to presenting his motion to quash, said motion was untimely, and therefore it was reversible error for the trial court to rule on that motion. Accordingly, the trial court's order granting the motion to quash as to Count 2 in the indictment should be reversed.

## II. The trial court committed reversible error in granting Appellee's motion to quash Count 2 of the indictment because that count was legally sufficient.

In the alternative, even if the trial court did not error by ruling on Appellee's untimely motion to quash, the trial court still committed reversible error in granting Appellee's motion to quash because Count 2 of the indictment satisfied all of the requirements for a proper charging instrument.

The sufficiency of a charging instrument is a question of law, so appellate courts are to review the trial court's ruling on a motion to quash *de novo. Smith v. State,* 309 S.W. 3d 10, 13-14 (Tex. Crim. App. 2010). Furthermore, in the context of a motion to quash, a reviewing court is to look to whether the indictment facially alleges the elements of the offense.

*State v. Zuniga,* 2015 WL 4381064, 13-14-00316-CR at 2 (Tex. App.-Corpus Christi July 16, 2015)(mem. op., not designated for publication).

The Texas Court of Criminal Appeals previously held as to Vernon's Annotated Texas Civil Statute Article 6701d, Section 38, the predecessor statute to the Section 550.021 of the Texas Transportation Code (the statute at issue in Count 2 in this case), that the elements of failure to stop and render aid are: 1) a driver of a vehicle, 2) involved in an accident, 3) resulting in injury or death of any person, 4) intentionally and knowingly, 5) fails to stop and render reasonable assistance. See *Steen v. State,* 640 S.W. 2d 912, 914 (Tex. Crim. App. 1982)(decided under former VTCS art. 6701d §38). Section 550.021 of the Texas Transportation Code has essentially the same elements. The only real difference between the current statute and its predecessor is that Section 550.021 lists the specific actions that are expected of a driver who has been in an accident involving injury or death to another person rather than just requiring that they render "reasonable assistance.

The indictment for Count 2 specifically alleged that the Appellant was intentionally or knowingly operating a vehicle that was involved in an accident, that the Appellant knew the accident had occurred, that the accident resulted in death to another person, and that Appellant intentionally

and knowingly failed to render the aid required under Section 550.023 of the Texas Transportation Code (which is one of the four actions required to comply with the requirements Section 550.021(a)). [CR-I-6]. Thus the indictment included all the elements of the offense of Accident Involving Personal Injury or Death and precisely tracked the statutory language for that offense. When an indictment tracks the language of a statute, that indictment will generally satisfy constitutional notice requirements. See *State v. Rousseau,* 396 S.W. 3d 550, 555 n.6 (Tex. Crim. App. 2013). This indictment tracked the statutory language of Section 550.021 and alleged all the elements of the charged offense and as such it was a sufficient indictment and should not have been quashed.

Appellee alleged in his motion to quash that the indictment as to Count 2 failed to include all the required elements because it did not allege the violation occurred in any of the locations described in Section 550.001 of the Texas Transportation Code. [CR-I-64-65]. This claim is without merit as the locations described in Section 550.001 are not elements of the offense of Section 550.021. See *Steen,* 640 S.W. 2d at 914; see also *Pryor v. State,* 651 S.W. 2d 22, 24 (Tex. App.-Dallas 1983, pet. ref'd)(holding that designation of a particular location is not an element of the offense of failure to stop and render aid and thus it does not have to be alleged in the

indictment.) As already discussed, Section 550.021 is functionally the same offense as VTCS art. 6701d §38. Therefore if the accident occurring on a public place was not an element of VTCS art. 6701d §38, then it stands to reason it is also not an element of that offense's successor statute, Section 550.021. And if the accident occurring on a public place is not an element of Section 550.021, then it does not need to be alleged in the indictment for such an offense, and accordingly the lack of such an allegation in the indictment cannot justify the granting of a motion to quash. Therefore, while the trial court's ruling granting the motion to quash did not clearly delineate exactly what the trial court believed was missing from Count 2, [CR-I-101], if the trial court believed it was the lack of an allegation stating that the offense occurred in one of the locations listed under Section 550.001 that rendered the indictment for Count 2 defective, then the trial court's ruling was in error and must be reversed.

Appellee also asserted in his motion to quash that the indictment was vague as to how Appellee violated Section 550.023 of the Texas Transportation Code and failed to state an offense due to listing four ways that Appellee allegedly violated Section 550.023, none of which are contained within the language of that statute. [CR-I-65-66]. These claims

also are without legal merit and thus could not have formed a valid basis for the trial court granting the motion to quash.

As to the vagueness challenge, it is long settled Texas law that when the State alleges an offense that subsumes another offense, the State is not required to allege the elements of the constituent offense in the charging instrument for the greater offense. See *Hammett v. State,* 578 S.W. 2d 699, 708 (Tex. Crim. App. 1979)(holding that "an indictment charging one offense during the commission of another crime need not allege the elements of the later offense.") See also *Alba v. State,* 905 S.W.2d 581, 585 (Tex.Crim.App.1995)(indictment need not allege constituent elements of underlying offense which elevates murder to capital murder); *Jarnigan v. State,* 57 S.W. 3d 76, 92 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd)(in an organized crime case, the state need not allege the manner and means by which the underlying theft was committed; *State v. Rivera,* 42 S.W.3d 323, 328–29 (Tex.App.-El Paso 2001, pet. ref'd)(state need not allege manner and means by which underlying offense such as bribery was committed in organized crime case.) Therefore since the alleged violation of Section 550.023 was a constituent part of the charged offense for Appellee's alleged violation of Section 550.021, the State was under no obligation to allege the specifics of how Appellee violated Section 550.023 in the indictment, and if

the State is not required to allege something in the indictment then failing to allege what is not required to be alleged cannot form the basis for a vagueness challenge to the indictment.

As for Appellee's contention that the indictment failed to state an offense under Count 2, it should first be noted that the language in Count 2 which states "intentionally and knowingly failed to comply with the requirements of Transportation Code Section 550.023; namely:" contains an obvious scrivener's error as the reference to "Section 550.023" in that sentence was clearly meant to state "Section 550.021." rather than "Section 550.023." [CR-I-6]. That there was a clerical error here is manifest as the count is titled by the code section number and nominal title (550.021) and because all four of the violations listed underneath the erroneous language track precisely with the four requirements imposed under Section 550.021(a). [CR-I-6]. Thus obviously the intent there was to allege that the Appellee had violated Section 550.021 by failing to do those four actions. Furthermore, the fourth manner in which Section 550.023 was allegedly violated states that the Appellee failed to "Remain at the scene of the accident until the defendant complied with the requirements of Transportation Code Section 550.023." [CR-I-6]. The State would hardly deliberately allege that a defendant violated Section 550.023 by failing to

comply with the requirements of Section 550.023; such a statement would be needlessly circular. As such it is clear this portion of the indictment contained a scrivener's error.

That this scrivener's error is now an issue before the appellate courts perfectly demonstrates the reason for the *Neal* rule requiring motions to quash to be submitted at the first opportunity and before a party announces ready for trial. *Neal,* 150 S.W. 3d at 176. If the Appellee had submitted his motion to quash in a timely fashion at any of the five pre-trial hearings before the trial date, and if the trial court had given the State the seven days to respond to Appellee's motion to quash which the State would normally be entitled to under Article 28.01, Section 2 of the Texas Code of Criminal Procedure (which the trial court presumably would have done if the Appellee had filed his motion to quash in a timely manner), then this issue could have easily been addressed by the State simply filing a motion to amend the indictment so as to correct the scrivener's error in Count 2. Such a motion to amend would have resolved Appellee's issue with the indictment and could have been easily heard at any of the five pre-trial hearings held in this case before the case proceeded to trial, all of which were more than ten days before the start of the trial, and thus would have enabled the indictment to be corrected without causing any delay in the scheduled court

proceedings. Instead though with the Appellee failing to timely file his motion to quash and only finally filing said motion the day trial was scheduled to begin [CR-I-64, 118], and with the trial court ruling on the motion to quash the very next day, mere moments before jury selection commenced, [CR-I-119, RR-V-6], the State could not legally submit a motion to amend the indictment. See *Hinojosa v. State,* 875 S.W. 2d 339, 341-342 (Tex. App.-Corpus Christi 1994, no pet)(holding that the State cannot amend the indictment on the day the jury will be impaneled and sworn.) The best way to avoid such a sequence of events in future cases is to rigorously enforce the *Neal* rule since requiring parties to raise their challenges to indictments at the first opportunity and before announcing ready for trial, insures the opportunity to correct any mistakes/deficiencies in an indictment well before trial is to begin and thus best promotes judicial efficiency and economy while respecting the rights of all parties.

At any rate, even taking into account the scrivener's error, Count 2 still fully stated an offense and thus should not have been quashed. Failing to comply with the requirements of Section 550.023 is one of the listed ways a defendant can violate Section 550.021 of the Texas Transportation Code as it constitutes a violation of Section 550.021(a)(4). The indictment for Count 2 alleged that Appellee failed to comply with the requirements of

Transportation Code Section 550.023 by, amongst other omissions, failing to remain at the scene of the accident until the Appellee had complied with the requirements of Section 550.023. [CR-I-6]. Accusing the defendant of violating Section 550.023 by violating Section 550.023 may be a redundant accusation, but it is still a legally valid accusation since it does state one of the grounds by which a defendant can commit an offense under Section 550.021, and the State is not required to allege the specifics of how the Appellee committed the constituent offense of Section 550.023 since that offense was contained within the larger charged offense of Section 550.021. See *Hammett,* 578 S.W. 2d at 708. Therefore since the State was not required to allege how the Appellee failed to comply with the requirements of Section 550.023 in the indictment; merely alleging that the Appellee failed to comply with those requirements was all the indictment needed to fully state an offense. The indictment did include that language and thus it was still a legally valid charging instrument regardless of the scrivener's error. [CR-I-6].

Now the scrivener's error, without correction or abandonment as surplusage, may have foreclosed the State from being permitted to prove the other three omissions alleged to have been committed by the Appellee, (failing to immediately stop at or as close as possible to the scene of the

accident, failing to return to the scene if the accident if not stopped there, and failing to immediately determine if a person was involved in the accident, and if that person required aid) since those three omissions all constitute violations of Section 550.021 rather than violations of Section 550.023. However, even if those three alleged violations are disregarded, that still leaves the charging instrument with a valid manner of establishing a violation of Section 550.021 as the State only has to be able to prove one of the means of committing an offense to be able to obtain a conviction for that offense. See *Lehman v. State,* 792 S.W. 2d 82, 84 (Tex. Crim. App. 1990). Thus even with the scrivener's error, Count 2 was legally sufficient and should not have been quashed.

The Appellee also alleged in his motion to quash that the indictment did not give adequate notice that the offense took place within the State of Texas. [CR-I-65]. This argument too is without merit. The opening paragraph of the indictment alleges that the charged offenses occurred in the County of Victoria and <u>State of Texas</u>. [CR-I-6](emphasis added.) When construing an indictment, the indictment is to be read as a whole, applying practical rather than technical considerations. *Harrison v. State,* 76 S.W. 3d 537, 539 (Tex. App.-Corpus Christi 2002, no pet); *Oliver v. State,* 692 S.W. 2d 712, 714 (Tex. Crim. App. 1985). Reading the indictment as a whole,

there is simply no way to read the indictment and conclude anything other than that it is alleging that all three of the charged offenses occurred within the State of Texas. Thus this claim of error also provided no basis to justify the trial court granting the motion to quash.

Therefore Count 2 of the indictment in this case was legally sufficient. It fully listed all the elements of the offense of Accident Involving Personal Injury or Death, was not vague as to how the charged offense was committed, fully stated an offense, and, when read in conjunction with the rest of the indictment, clearly established that the alleged offense occurred within the State of Texas. It is true that Count 2 contained a scrivener's error, but even when that error is taken into account, the count still fully, if unartfully, stated a charged offense. As such since Count 2 was legally sufficient to support a criminal charge of the Appellee violating Section 550.021, it was a valid charging instrument and therefore it was reversible error for the trial court to grant Appellee's motion to quash.

### III. The indictment, when considered as a whole, alleged that Count 2 occurred in a public place.

In the alternative again, even if it is concluded that the locations listed under Section 550.001 of the Texas Transportation Code are an element of the offense of Section 550.021 and must be alleged as part of the indictment

for such a charge, Count 2 was still adequate on that point because when the indictment is read as a whole, it clearly alleged that the offense listed in Count 2 occurred in a public place and thus did include an accusation that the offense occurred in a location listed within Section 550.001 of the Texas Transportation Code.

As just discussed, when construing an indictment the indictment must be read as a whole. *Harrison,* 76 S.W. 3d at 539; *Oliver,* 692 S.W. 2d at 714. In this case the opening paragraph of the indictment establishes that the charged offenses were alleged to have been committed by the Appellee and all occurred on the same date, on or about the 8th day of February, 2014, in the same county and state, Victoria County within the State of Texas. [CR-I-6]. Count 1 of the indictment then alleged that the Appellee was operating a vehicle in a public place and that while doing so he struck and killed Ms. Natalie Luna. [CR-I-6]. Count 2 likewise alleged that the Appellee violated Section 550.021 due to his actions related to his striking Ms. Luna while operating a vehicle. [CR-I-6].

Taking all of this into account, it is obvious from reading the indictment as a whole that Count 2 is part of the same incident as Count 1. Both allegations involve the exact same incident involving a motor vehicle, allegedly being driven by the Appellee, striking and killing the exact same

person, Ms. Nicole Luna. Accordingly, if Count 1 is alleged to have occurred in a public place then it is obvious that Count 2 also would have to have occurred in a public place. The roadway where Appellee allegedly struck Ms. Luna cannot be a public place in regards to Count 1 and not a public place in regards to Count 2. If it is a public place in one instance it must be a public place in regards to the other. Therefore since the State alleged the offense in Count 1 occurred in a public place, and since Count 2 manifestly occurred at the same location as Count 1, reading the indictment as a whole clearly establishes an allegation that Count 2 also occurred in a public place.

A public place is one of the enumerated grounds under Section 550.001(3). Therefore, since the indictment, when read as a whole, alleges that Count 2 occurred in a public place; the indictment includes one of the locations contained within Section 550.001 which in turn means that even if an indictment under Section 552.021 is required to allege the offense occurred at a location listed under Section 550.001, this indictment fully satisfied that requirement. As such even if that additional element is required the indictment when read as a whole established that element and as such Count 2 was a legally sufficient charging instrument, and therefore it should not have been quashed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that this

Honorable Court reverse the judgment of the trial court.

.

**Respectfully submitted,**


**STEPHEN B. TYLER**
**CRIMINAL DISTRICT ATTORNEY**

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone:  (361) 575-0468
Facsimile: (361) 576-4139


**ATTORNEYS FOR THE APPELLANT,**
**THE STATE OF TEXAS**

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that the number of words in Appellant's Brief submitted on August 3, 2015, excluding those matters listed in Rule 9.4(i)(1) is 5,646.

/s/ **Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139

## CERTIFICATE OF SERVICE

I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that a copy of the foregoing brief has been served on Luis Martinez, P.O. Box 410, Victoria, Texas, 77902, Attorney for the Appellee, Hector Garcia, by electronic mail on the day of August 3, 2015.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139