**The STATE of Texas, Appellant,**

v.

**Alfredo RIVERA, Appellee.**

**No. 08–99–00479–CR.**

Court of Appeals of Texas,
El Paso.

March 22, 2001.

Jaime E. Esparza, Dist. Atty., Richard Dulany, Jr., Asst. Dist. Atty., M. Kyle Lasley, Asst. Dist. Atty., El Paso, for State.

Eduardo N. Lerma, El Paso, for Appellee.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

LARSEN, Justice.

In this case involving two counts of engaging in organized criminal activity, the State of Texas appeals from the trial court's order granting Alfredo Rivera's motion to dismiss and quash the indictment. We reverse and remand.

### FACTS

On February 27, 1997, the grand jury for El Paso County, Texas returned an indictment charging Rivera with two counts of engaging in organized criminal activity for the commission of bribery and aggregated theft, alleged to have occurred on dates spanning 1994 and 1995.

The indictment read in part:

... ALFREDO RIVERA ... did then and there with intent to establish, maintain, or participate in a combination consisting of [Rivera] and MANUEL ALVARADO, MANUEL OSCAR BAQUERA, MANUEL BARRERA, FREDERICK CANFIELD, FRANCISCO ESTRADA, YSIDRO GRAJEDA, SALVADOR HERRERA, DAGOBERTO MARTINEZ, DAVID ORNELAS, RUBEN PRIETO, LUIS RIVERA, ALBERTO RODRIGUEZ, RAMON SALAZAR or RUBEN ZAMORA, and with intent to participate in the profits of said combination, the object of such combination being the

commission of the offense of bribery, did commit the offense of bribery, to-wit:

On or about the following dates ... ALFREDO RIVERA ... and two or more of the following named members of said combination, did then and there intentionally and knowingly solicit, accept, or agree to accept from Alberto Rodriguez, a benefit, to-wit: United States currency, a loan of United States currency, or an opportunity for financial gain outside of the regular employment of said ... ALFREDO RIVERA ... and the following named members of said combination, as consideration for the decision or exercise of discretion by ... ALFREDO RIVERA ... and two or more of the following named members of said combination to transact business of the El Paso Independent School District with Alberto Rodriguez, or to sign or approve invoices for payment by the El Paso Independent School District to Alberto Rodriguez, and such decision or exercise of discretion was made by ... ALFREDO RIVERA ... and two or more of the following named members of said combination as a public servant, to-wit: as an employee of government, namely, the El Paso Independent School District,....

The indictment then listed the names of Alvarado, Baquera, Canfield, Estrada, Grajeda, Martinez, Ornelas, Prieto, Rivera, Salazar, and Zamora described in the first paragraph of the indictment above, including Rivera's, and the corresponding dates when the transactions allegedly took place. Paragraph II of Count I stated in pertinent part:

On or about the following dates, ... ALFREDO RIVERA ... and two or more of the following named members of said combination, did then and there intentionally and knowingly solicit, accept, or agree to accept from Alberto Rodriguez, a benefit, to-wit: household merchandise, appliances, furniture, stereo equipment, televisions or VCRs from Cunningham Distributing Incorporated, as consideration for the decision or exercise of discretion by ... ALFREDO RIVERA ... and two or more of the following named members of said combination to transact business of the El Paso Independent School District with Alberto Rodriguez, or to sign or approve invoices for payment by the El Paso Independent School District to Alberto Rodriguez, and such decision or exercise of discretion was made by ... ALFREDO RIVERA ... and two or more of the following named members of said combination as a public servant, to-wit: as an employee of government, namely, the El Paso Independent School District, as follows:

Again, the indictment then listed Alfredo Rivera's name, as well as the names of Alvarado, Grajeda, Barrera, Canfield, and Herrera, with the corresponding dates that the alleged transactions took place.

Count II of the indictment stated:

... ALFREDO RIVERA ... did then and there with the intent to establish, maintain, or participate in a combination consisting of [ALFREDO RIVERA] and ANTONIO AGUILAR, MANUEL ALVARADO, MANUEL OSCAR BAQUERA, MANUEL BARRERA, ROBERT BETTS, FREDERICK CANFIELD, OSCAR ESPARZA, FRANCISCO ESTRADA, YSIDRO GRAJEDA, SALVADOR HERRERA, ISABEL JOSE HIDALGO, MIGUEL MADRID, CARLOS MARTINEZ, CARLOS R. MARTINEZ, DAGOBERTO MARTINEZ, SONYA MEDRANO, JOSE ARMANDO MENDEZ, STEVE OCHOA, DAVID ORNELAS, RUBEN PRIETO, LUIS RIVERA, ALBERTO

RODRIGUEZ, RAMON SALAZAR, or RUBEN ZAMORA, and with intent to participate in the profits of said combination, the object of such combination being the commission of the offense of aggregated theft, did commit the offense of aggregated theft, to-wit:

On or about the 16th day of August, 1994, through the 2nd day of May, 1995, [ALFREDO RIVERA] did then and there unlawfully, intentionally and knowingly appropriate, by acquiring and otherwise exercising control over property other than real property, to-wit: United States currency, from the owner, ESTANISLADO Y. PAZ, in his capacity as superintendent of the El Paso Independent School District, without his effective consent, and with intent to deprive said owner of said property,

And all of said amounts were obtained in the County of El Paso as alleged in one scheme and continuing course of conduct, and the aggregate amount of property stolen was $100,000.00 or more but less than $200,000.00.

On October 15, 1997, Rivera filed his first motion to dismiss and quash the indictment, asserting that the indictment was fatally defective as: (1) it did not provide adequate notice because the State first pleaded in the conjunctive that Rivera acted with ten codefendants in the charging paragraph, but later in the same paragraph pleaded in the disjunctive that he acted with only one defendant; (2) it did not specify the manner and means by which the bribery was committed; (3) it did not provide notice as to what allegedly took place on each and every date, the content of the invoices referred to in the indictment, and the value of those invoices; (4) it did not state the value of the property or benefits derived by the alleged combination; (5) it did not state the name of the victim, complainant, or owner of the property alleged to have been illegally taken, thereby violating Rivera's right to confrontation; and (6) it did not state Rivera's specific mental state plus an overt act in furtherance of the combination. The State responded with a brief, attacking each of Rivera's assertions. The trial court (the Honorable Peter S. Peca, Jr., presiding) denied that motion on November 2, 1998.

On October 18, 1999, Rivera filed his second motion to dismiss and quash the indictment (1) renewing his first motion to dismiss and quash the indictment and (2) arguing that because the State erroneously pleaded the bribery and aggregated theft counts as a single *ad hoc* act as was done in *Nguyen v. State*,[1] the State failed to comply with the "carrying on criminal activities" requirement of Texas Penal Code § 71.02(a). The State responded to this motion, stating that Rivera's second motion should also be denied because the second motion was identical to the first, denied motion. The State also argued that Rivera's reliance on *Nguyen* was misplaced because that case involved issues of sufficiency of the evidence, not sufficiency of the indictment.

On December 3, 1999, Rivera filed his third motion to dismiss and quash the indictment, relying on this Court's decision in *McLaren v. State*.[2] The State responded with a second brief, stating that "[w]hen the State alleges that a defendant has

---

1. 1 S.W.3d 694 (Tex.Crim.App.1999).

2. 2 S.W.3d 595 (Tex.App.—El Paso 1999, pet. granted). In *McLaren*, this Court held that the evidence in a prosecution for engaging in organized criminal activity based on an underlying conspiracy to commit aggravated kidnaping was legally insufficient, as the State failed to prove the appellant himself performed the overt act in furtherance of a criminal act alleged in the indictment. *See id.* at 598, 599.

committed, rather than conspired to commit, one of the enumerated offenses under section 71.02 of the Texas Penal Code, Engaging in Organized Criminal Activity, there is no requirement that the State allege or prove any overt acts." Rivera then filed a memorandum of law, asserting that the indictment was defective because the State did not plead commission of an overt act. On December 9, 1999, the trial court (the Honorable Bonnie Rangel now presiding), orally granted Rivera's motion to dismiss and quash the indictment, specifically refusing to state the reasons upon which the trial court was granting the motion. The following day, the trial court reduced the following order to writing: "After reconsideration of the Defendant's 'Motion to Dismiss and Quash Indictment' filed October 15, 1997, and after consideration of arguments of counsel, the Defendants motion is hereby granted." It is from this order that the State now appeals.

### Order quashing the indictment and dismissing the case

In its sole issue, the State asserts that the trial court abused its discretion in granting Rivera's motion to dismiss and quash the indictment. Specifically, the State attacks each of the arguments in Rivera's October 15, 1997 motion, as well as the arguments of counsel.

In response, Rivera contends the indictment did not state that Rivera and two or more people agreed to work together in a continuing course of criminal activities; rather, it merely stated that Rivera acted together with two or more persons in one single *ad hoc* act. Further, according to Rivera, the indictment erroneously failed to plead "overt act."

■ The State's burden on appeal from the granting of a motion to quash an indictment is to show that the trial court abused its discretion.[3] The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules and principles.[4] Stated another way, the test is whether the act was arbitrary or unreasonable.[5] Because the trial court did not state upon which grounds it was granting Rivera's motion, we must look at all the possible grounds to determine whether any one of them was meritorious.

### A. Rivera's First Motion to Dismiss and Quash the Indictment— October 15, 1997

■ In his first motion to dismiss and quash the indictment, Rivera argued that the indictment did not sufficiently provide notice because of its use of conjunctive and disjunctive language. Our reading of the indictment, however, reveals that it alleges that Rivera *and* two *or* more of several named individuals intended to engage in bribery. The list that followed, in the disjunctive, merely provided the names and dates of those individuals, two *or* more of whom acted with Rivera to commit bribery. This argument is without merit.

■ Rivera next asserted that Count I of the indictment failed to allege "the manner and means by which the offense was committed," and that the State failed to plead "what allegedly took place on each and every date," as well as "what occurred,

3.  *See State v. Mays,* 942 S.W.2d 84, 85 (Tex. App.—Corpus Christi 1997), *rev'd on other grounds,* 967 S.W.2d 404 (Tex.Crim.App. 1998).

4.  *See id.*

5.  *See id.*

what overt acts took place...." As stated in *Crum v. State*,[6] however, in an organized crime case the State need not allege the manner and means by which the underlying offense was committed.[7] In the face of a timely motion to quash the indictment, the indictment must allege on its face the facts necessary to show that the offense was committed, to bar a subsequent prosecution for the same offense, and to give the defendant notice of precisely with what he or she is being charged.[8] An indictment that tracks the language of the statute is legally sufficient and the State need not allege facts that are merely evidentiary in nature.[9] Where the accused has raised the claim of inadequate notice, the general rule is that a motion to quash will be allowed if the facts sought are essential to give notice, and unless a fact is essential, the indictment need not plead evidence relied on by the State.[10] The question is therefore whether the appellant's motion to quash sought facts that were essential to give notice.[11]

■■■ Here, the indictment tracked the language of the statute concerning engaging in organized criminal activity.[12] The indictment was required to and did allege only that (1) Rivera committed an act, bribery, prohibited by Chapter 36 of the Penal Code, and (2) that he did so with the intent to establish, maintain, or participate in a combination or in the profits of a combination.[13] Additionally, because the indictment alleged that Rivera *actually* committed the underlying offenses of bribery and aggregated theft, the State was not required to allege or prove commission of an "overt act."[14] These arguments are without merit.

■■■ Rivera also asserted that the value of the property or benefits obtained through the bribery must have been alleged in the indictment. Value of property or benefits, however, is not an element of the underlying offense of bribery, and therefore, the State was not required to plead it.[15] Again, the State is not required to plead evidentiary facts that are not essential to giving notice.[16] This argument is without merit.

■■■ Rivera next asserted that because the indictment made mention of the defendants' approval of invoices for payment, the invoices became an element of the offense, and the State erred in not attaching actual copies of those invoices to the indictment. In other words, according to Rivera, the actual copies of the invoices were an essential fact of which he should have received notice. Where a writing is merely incidental, however, or is relied on as proof of the fact charged and not in itself an offense, it may be described generally without being set forth.[17] Here, the

6. 946 S.W.2d 349 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd).

7. *See Crum,* 946 S.W.2d at 359.

8. *See Bynum v. State,* 767 S.W.2d 769, 778–79 (Tex.Crim.App.1989).

9. *See Crum,* 946 S.W.2d at 360.

10. *See id.* at 359–60.

11. *See id.*

12. *See* TEX. PENAL CODE ANN. § 71.02(a)(9) (Vernon Supp.2001).

13. *See State v. Duke,* 865 S.W.2d 466, 467–68 (Tex.Crim.App.1993).

14. *See id.* at 468; *Crum,* 946 S.W.2d at 359.

15. *See* TEX. PENAL CODE ANN. § 36.02 (Vernon 1994).

16. *See Mustard v. State,* 711 S.W.2d 71, 76 (Tex.App.—Dallas 1986, pet. ref'd).

17. *See Terry v. State,* 471 S.W.2d 848, 850 (Tex.Crim.App.1971).

indictment gave Rivera sufficient notice of the invoices. It stated that the invoices were for payment to Alberto Rodriguez by the El Paso Independent School District, specifically by the named individuals on their respective dates as listed on the face of the indictment. Based on the language of the indictment, Rivera was not entitled to further notice of the invoices so as to adequately prepare his defense. This argument is without merit.

Rivera then argued that the State failed to state the identity of the complainant, victim, or owner of the property of the offense charged. The identity of the owner of the property allegedly stolen was incidental to the crime alleged; and therefore, it was not necessary to include such information in the indictment.[18] Moreover, the indictment expressly mentions Estanislado Y. Paz, the superintendent of the El Paso Independent School District and owner of the property. This argument is without merit.

In his last argument in his first motion to dismiss and quash the indictment, Rivera contended that the indictment was deficient because it failed to allege a culpable mental state for either engaging in organized criminal activity offense or the underlying offense of bribery. Again, the indictment expressly alleges that Rivera had the "intent to establish, maintain, or participate in a combination" and had the "intent to participate in the profits of said combination;" and that Rivera "intentionally and knowingly" solicited, accepted, or agreed to accept a benefit as

consideration. This argument is without merit.

After reviewing Rivera's arguments, we cannot say that the trial court abused its discretion when it initially denied this motion. On the other hand, to the extent that the subsequent order was based on Rivera's October 15, 1997 motion, the trial court abused its discretion in granting that motion.

## B. Consideration of "Arguments of Counsel"

At the hearing on Rivera's motions to dismiss and quash the indictment, both attorneys engaged in a lengthy discussion with the trial court about the necessity of pleading "overt act" in the indictment. We have already determined above, however, that the State was not required to plead "overt act" when the State alleged the actual offense and not the conspiracy to commit the offense. Although the trial court expressly rejected the notion of stating its reasons for granting Rivera's motion to dismiss and quash the indictment in its written order, the trial court stated at the hearing that in its opinion, "overt act" should have been pleaded. To the extent that the trial court's order was based on this reason, the trial court abused its discretion in granting Rivera's motion.

During the hearing, Rivera also raised the argument that the indictment fails to allege a "continuing course of criminal activities;" rather, it merely states that Rivera acted together with two or more persons in one single, *ad hoc* act. After reviewing the indictment, however,

---

18. *See Smith v. State,* 781 S.W.2d 418, 420 (Tex.App.—Houston [1st Dist.] 1989, no pet.) (holding in engaging in organized criminal activity case that where indictment charged Smith with conspiracy to commit automobile theft, indictment need not include name of true owner of vehicles because theft was incidental to crime alleged; appellate court could not "envision how the name of the true owner could have been pertinent to appellant's defense, unless one of the members of the conspiracy was the owner, in which event there would be no theft or conspiracy to commit theft").

we conclude that the State alleged that Rivera collaborated in carrying on criminal activities. The indictment alleged bribery on several different dates for Rivera and several different people involved in the combination who, in their respective capacities as employees of the El Paso Independent School District, solicited, accepted, or agreed to accept money and assorted household merchandise, appliances, and furniture in exchange for their decisions in business transactions or their signatures or approval of invoices. Further, the indictment alleged aggregated theft throughout a range of dates whereby Rivera and a combination of several listed individuals stole between $100,000 and $200,000 from Paz in his capacity as superintendent of the El Paso Independent School District. Rather than a single one *ad hoc* event, the indictment alleges a continuing course of conduct that occurred from August 16, 1994 through May 2, 1995. To the extent that the trial court's order was based on this reason, the trial court abused its discretion in granting Rivera's motion.

### CONCLUSION

After reviewing Rivera's October 15, 1997 motion and the arguments of counsel, we find that the trial court abused its discretion in entering its Order on Motion to Quash. Accordingly, we reverse and remand this case for further proceedings under the indictment.