ACCEPTED
13-14-00750-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/18/2015 9:56:26 AM
CECILE FOY GSANGER
CLERK

## NO. 13-14-00750-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF
TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/18/2015 9:56:26 AM
CECILE FOY GSANGER
Clerk

**CHRISTOPHER
CORDIL-CORTINAS,**
                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**
                    **Appellee.**

On Appeal from the
377th Judicial District Court
Of Victoria County, Texas
Cause No. 14-05-27969-D

### BRIEF FOR THE STATE OF TEXAS

**STEPHEN B. TYLER**
Criminal District Attorney
Victoria County, Texas

**BRENDAN WYATT GUY**
Assistant Criminal District Attorney
Victoria County, Texas
205 N. Bridge St. Ste. 301,
Victoria, Texas 77901-6576
bguy@vctx.org
(361) 575-0468
(361) 570-1041 (fax)
State Bar No. 24034895

Attorneys for the State of Texas

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

**PAGE (S)**

TABLE OF CONTENTS ................................................................... i

INDEX OF AUTHORITIES...............................................ii-iv

STATEMENT OF THE FACTS .......................................... 1-6

SUMMARY OF ARGUMENT............................................. 7-9

ARGUMENT......................................................................... 9-28

  I.  The evidence was sufficient to support Appellant's
     guilty plea to the offense of felony murder as alleged
     in Paragraph 1 of the indictment ............................... 9-21

  II. The indictment for Paragraph 2 was valid and even
     if it was not, Appellant waived any claim of error by
     failing to timely object ............................................... 22-23

  III. The evidence was sufficient to support Appellant's
     guilty plea to the offense of felony murder as alleged
     in Paragraph 2 of the indictment ............................... 23-28

PRAYER .............................................................................. 28

SIGNATURE....................................................................... 28

CERTIFICATE OF COMPLIANCE .................................. 29

CERTIFICATE OF SERVICE ........................................... 30

# INDEX OF AUTHORITIES

## United States Supreme Court Cases

*Jackson v. Virginia,* **443 U.S. 307 (1979)** ................................................ 17

## Texas Cases

*Aguilar v. State,* **468 S.W. 2d 75 (Tex. Crim. App. 1971)** ..................... 26

*Alba v. State,* **905 S.W.2d 581 (Tex.Crim.App.1995)** ........................... 11

*Brooks v. State,* **323 S.W. 3d 893 (Tex. Crim. App. 2010)**
**(plurality op)**........................................................................................ 17

*Brown v. State,* **2012 WL 3594228, 13-11-00595-CR**
**(Tex.-App. Corpus Christi 2012, pet. ref'd)**
**(mem. op. not designed for publication)**......................................... 13, 25

*Hammett v. State,* **578 S.W. 2d 699 (Tex. Crim. App. 1979)**........... 10-11

*Harvey v. State,* **2011 WL 5589281, 13-09-00696-CR**
**(Tex. App.- Corpus Christi 2011, pet. ref'd)**
**(mem. op. not designated for publication** ............................................. 17

*Jarnigan v. State,* **57 S.W. 3d 76**
**(Tex. App.-Houston [14th Dist.] 2001, pet. ref'd)** ................................ 11

*Jones v. State,* **373 S.W. 3d 790**
**(Tex. App.-Houston [14th Dist] 2012, no pet)**........................................ 15

*Mata v. State,* **46 S.W. 3d 902 (Tex. Crim. App. 2001)** ........................ 16

*Menefee v. State,* **287 S.W. 3d 9 (Tex. Crim. App. 2009)**................. 13-15

*McGuire v. State,* 2012 WL 344952, 01-11-01089-CR
(Tex. App.-Houson [1st Dist] 2012, pet. ref'd)
(mem. op. not designated for publication)............................................. 11

*Reese v. State,* 2015 WL 4381223, 13-13-00616-CR
(Tex. App.-Corpus Christi 2015)
(mem. op. not designed for publication) ................................................ 15

*Scott v. State,* 945 S.W. 2d 347
(Tex. App.-Houston [1st Dist] 1997, no pet) .................................... 13, 25

*Smith v. State,* 965 S.W. 2d 509 (Tex. Crim. App. 1998) ...................... 26

*Smithhart v. State,* 503 S.W. 2d 283 (Tex. Crim. App. 1973) .............. 19

*State v. Rivera,* 42 S.W.3d 323
(Tex.App.-El Paso 2001, pet. ref'd) ........................................................ 11

*Stone v. State,* 919 S.W. 2d 424 (Tex. Crim. App. 1996).............. 9-10, 24

*Teal v. State,* 230 S.W. 3d 172 (Tex. Crim. App. 2007)........................ 23

*Weems v. State,* 328 S.W. 3d 172
(Tex. App.-Eastland 2010, no pet)........................................................... 19

*Wise v. State,* 364 S.W.3d 900 (Tex. Crim. App. 2012) ........................ 16

*Yandell v. State*, 46 S.W. 3d 357
(Tex. App.—Austin 2001, pet. ref'd)................................................. 11, 22

**Texas Statutes**

**TEX. CODE CRIM. PROC. art. 1.14 (West 2005)................................23**

**TEX. CODE CRIM. PROC. art. 1.15 (West 2005).................9, 13-14, 21**

## Texas Rules

**TEX. R. APP. P. 9.4** ................................................................................. **29**

IN THE COURT OF APPEALS
FOR THE THIRTEEN DISTRICT OF TEXAS
AT CORPUS CHRISTI

CHRISTOPHER CORDIL-CORTINAS…………..……………..Appelant

v.

THE STATE OF TEXAS,…..………………………………….…...Appellee

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, THE STATE OF TEXAS**,** by and through her Criminal

District Attorney, Stephen B. Tyler, and as Appellee in the above numbered

and entitled cause, and files this the Appellee's brief showing:

**STATEMENT OF THE FACTS**

Appellant was indicted on May 16, 2014 for one count of murder.

[CR-I-6]. The offense of murder was alleged in two separate paragraphs.

[CR-I-6]. The first paragraph alleged felony murder, due to the Appellant

committing an act clearly dangerous to human life while committing the

felony offense of driving while intoxicated (which was a felony due to the

Appellant having two prior convictions for driving while intoxicated.) [CR-I-6]. The second paragraph alleged felony murder, due to the Appellant committing an act clearly dangerous to human life while committing the felony offense of evading arrest/detention in a vehicle. [CR-I-6].

Appellant's case was called to trial on October 15, 2014. [RR-I-4]. Appellant did not raise any challenge to the indictment prior to the commencement of his trial. [CR-I; RR-II].

On October 15, 2014, the Appellant signed a plea memorandum that amongst other things, had the Appellant consent in writing to an oral stipulation of the evidence being admitted in his case and to him waiving his right against self-incrimination. [CR-I-14-20]. The trial court then orally advised the Appellant of all the rights he would be giving up by pleading guilty and ascertained that the Appellant understood what he was doing and was mentally competent to plead guilty before accepting the Appellant's guilty plea. [RR-II-4-9].

The State then read the indictment to the Appellant. [RR-II-10-12]. The Appellant then pled guilty to the indictment and affirmed that he was pleading guilty freely and voluntarily. [RR-II-12]. Appellant did not raise any verbal challenge to the indictment prior to entering his plea of guilty. [RR-II-1-12].

The State then proceeded with the stipulation of evidence and called the Appellant to testify. [RR-II-16]. The Appellant then agreed and stipulated that if Stephen Lang, who was formerly with the Victoria Police Department, was called to testify, that he would testify truthfully and under oath that on or about February 27, 2014, the Appellant committed the felony offense of driving while intoxicated, which was a felony due to the Appellant having twice before been convicted of driving while intoxicated offenses, and that in the course of and in furtherance of committing that felony the Appellant committed an act clearly dangerous to human life, specifically driving at an excessive rate of speed, disregarding a traffic signal, and driving a motor vehicle into a vehicle being driven by Ms. Cynthia Partida, which caused the death of Ms. Cynthia Partida. [RR-II-16].

The Appellant then further stipulated that Stephen Lang's testimony would also establish that on or about February 27, 2014, the Appellant committed the felony offense of evading arrest or detention with a vehicle and that in the course of and in furtherance of committing that felony offense the Appellant committed an act clearly dangerous to human life, specifically driving at an excessive rate of speed, disregarding a traffic signal, and driving a motor vehicle into a vehicle being driven by Ms. Cynthia Partida, which caused the death of Ms. Cynthia Partida. [RR-II-17].

The Appellant then stipulated that Stephen Lang's testimony would also prove that the Appellant used a deadly weapon, specifically a motor vehicle, during the commission of his offense. [RR-II-17].

The Appellant then further agreed and stipulated that all the acts and allegations alleged in the indictment were true and correct. [RR-II-17]. Appellant's lawyer likewise joined in this stipulation. [RR-II-17]. The State did not rest upon the entry of the stipulation into evidence. [RR-II-17-18].

The trial court then held that the Appellant was mentally competent and had entered into his plea freely and voluntarily. [RR-II-19]. The trial court then recessed the hearing until November 24, 2014. [RR-II-19].

On November 24, 2014, the trial court reconvened the hearing. [RR-III-1]. At that hearing, the State presented evidence, through both live testimony and exhibits, that showed that on February 27, 2014, the Appellant was stopped by Stephen Lang, a uniformed police officer in a marked police vehicle, [RR-III-16-17, 20; State's Exhibit 1], and how the Appellant then fled from Deputy Lang in a motor vehicle at a high rate of speed [RR-III-21; State's Exhibit 1] and that while fleeing from Deputy Lang the Appellant collided with a vehicle being driven by Ms. Partida [RR-III-21-22, 24; State's Exhibits 1-2], and that Ms. Partida was killed in that collision. [RR-III-24].

The State also presented evidence that the Appellant at the time when he was first stopped by Deputy Lang had a droopy facial expression, glassy eyes, and slurred speech [RR-III-22-23] and that Appellant refused to provide a blood test when requested.   [RR-III-23].   The State further presented evidence that Appellant was going at least 85 miles per hour at the time of the collision [RR-III-29] and that the Appellant made no attempt to avoid the collision.  [RR-III-31].

The State then established that the Appellant had an alcohol level between .089 and .122 at the time of the collision [RR-III-37] and that the Appellant was on felony probation for driving while intoxicated at that time. [RR-III-37-38].  Appellant did not object to the admission of the blood test evidence or the introduction of the extrapolation evidence.  [RR-III-37].

 The State's evidence further established that Appellant had previously been convicted of misdemeanor driving while intoxicated offenses on October 10, 2007 in cause number 2-90,186 in the County Court at Law #2 of Victoria County, Texas, [State's Exhibit 36, page 4; RR-III-13], and again on December 10, 2010 in cause number 1-97118 in the County Court at Law #1 of Victoria County, Texas.  [State's Exhibit 43, page 4; RR-III-13].  The State also established that the Appellant was convicted of a felony driving while intoxicated offense on July 1, 2013 in cause number 13-4-27259-D in

the 377th Judicial District Court of Victoria County, Texas. [State's Exhibit 44; RR-III-13]. A copy of the indictment for that cause was also admitted into evidence. [State's Exhibit 41; RR-III-13]. It showed that Appellant's two prior driving while intoxicated offenses were for the offenses listed in State's Exhibit 36 and State's Exhibit 43. [State's Exhibit 41].

The State then called one of Appellant's prior probation officers, Ms. Amanda Garcia. [RR-III-89]. Ms. Garcia identified the Appellant [RR-III-89-90] and confirmed he had been placed on probation for a felony driving while intoxicated case with her on July 1, 2013. [RR-III-90]. That is the same day that State Exhibit 44 shows that Appellant was convicted of a felony driving while intoxicated offense in cause number 13-4-27529-D. [State's Exhibit 44].

The Appellant then testified where he admitted in open court that he was the only person responsible for the death of Ms. Partida. [RR-III-165, 169]. The Appellant also acknowledged it was stupid of him to flee from the police. [RR-III-166]. Appellant also admitted he had previously been convicted for a felony driving while intoxicated offense. [RR-III-177].

The trial court assessed a sentence of life imprisonment for the Appellant. [RR-III-194].

## SUMMARY OF THE ARGUMENT

The evidence was sufficient to support Appellant's guilty plea to the offense of felony murder alleged in Paragraph 1 of the indictment. Appellant stipulated as to what Stephen Lang would have testified to, and that stipulation covered all the elements of the charged offense. Thus that stipulation alone was sufficient to establish a valid guilty plea. Appellant also stipulated that all of the allegations contained within the indictment were true. Since the indictment alleged all of the required elements of the offense of felony murder, Appellant's stipulation was also sufficient by itself to fully validate his guilty plea. There was also sufficient evidence presented at Appellant's sentencing hearing to substantiate his plea of guilty. The evidence offered at the sentencing hearing gave the fact finder sufficient evidence to reasonably conclude both that Appellant was driving a motor vehicle while intoxicated at the moment where he struck and killed Ms. Partida, and that Appellant's driving while intoxicated offense was a felony due to the Appellant having three prior driving while intoxicated convictions. Therefore Appellant's plea of guilty as to Paragraph 1 of the indictment was sufficiently corroborated by evidence independent of the plea, and thus the plea was valid and should be affirmed.

The indictment for Paragraph 2 was sufficient to vest the trial court with jurisdiction over the case. That indictment alleged all of the elements of the offense of felony murder which is all it had to do to be a valid charging instrument. There is no requirement in Texas law to allege a culpable mental state from the constituent felony offense of the felony murder offense and thus the indictment was not required to allege Appellant's mental state for committing the offense of evading arrest/detention in a vehicle.

In the alternative, even if the indictment for Paragraph 2 was deficient for not alleging the culpable mental state of the constituent felony offense of evading arrest/detention in a vehicle, the Appellant waived any claim of error on that point by failing to object to the indictment prior to trial. Thus Appellant is now barred from raising this issue on appeal.

There was sufficient evidence to corroborate Appellant's plea of guilty to the offense of felony murder as alleged in Paragraph 2 of the indictment. Appellant's stipulation as to what Deputy Lang would testify and Appellant's own admission that all of the allegations contained within the indictment were true and correct were each sufficient to validate Appellant's guilty plea. Furthermore, the evidence presented at trial, specifically through the testimony of Deputy Lang and Appellant's own

admission, provided sufficient evidence that Appellant knew Deputy Lang was a police officer and that Appellant intentionally fled from Deputy Lang; an act that led directly to Appellant killing Ms. Partida. Thus Appellant's plea of guilty was validated by independent evidence and thus that plea was valid and should be affirmed.

## **ARGUMENT**

### I. **The evidence was sufficient to support Appellant's guilty plea to the offense of felony murder as alleged in Paragraph 1 of the indictment.**

The Court of Criminal Appeals has routinely held that a stipulation as to what witnesses would testify had they been present at trial is legally sufficient to support a conviction within the context of Article 1.15 of the Texas Code of Criminal Procedure. See *Stone v. State,* 919 S.W. 2d 424, 426 (Tex. Crim. App. 1996). In the present case, the agreed upon stipulation as to what Stephen Lang would have testified to fully established every element of Paragraph 1 of the charged offense of murder.

That stipulation established that on or about February 27, 2014, the Appellant committed the felony offense of driving while intoxicated, which was a felony due to the Appellant having twice or more previously been convicted of driving while intoxicated offenses, and that in the course of and in furtherance of committing that felony the Appellant committed an act

clearly dangerous to human life, specifically driving at an excessive rate of speed, disregarding a traffic signal, and driving a motor vehicle into a vehicle being driven by Ms. Cynthia Partida, which caused the death of Ms. Partida. [RR-II-16]. That stipulation therefore covered all the elements of the murder offense alleged in Paragraph 1 and thus it was a valid stipulation sufficient to fully substantiate Appellant's plea of guilty. See *Stone,* 919 S.W. 2d at 427.

Appellant now argues that the stipulation was incomplete because it did not establish the manner in which Appellant was driving a vehicle while intoxicated and it did not provide details about Appellant's prior driving while intoxicated convictions. Those are flawed arguments as the manner of how Appellant committed the offense of driving while intoxicated and the specifics of his prior driving while intoxicated convictions are not elements of the charged offense of murder and thus do not have to be alleged in the indictment or proven in the stipulation.

It is long settled Texas law that when the State alleges an offense for which another offense is a constituent part, the State is not required to allege the elements of the constituent offense in the charging instrument for the greater offense. See *Hammett v. State,* 578 S.W. 2d 699, 708 (Tex. Crim. App. 1979)(holding that "an indictment charging one offense during the

commission of another crime need not allege the elements of the later offense.") See also *Alba v. State,* 905 S.W.2d 581, 585 (Tex.Crim.App.1995)(indictment need not allege constituent elements of underlying offense which elevates murder to capital murder); *Jarnigan v. State,* 57 S.W. 3d 76, 92 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd)(in an organized crime case, the State need not allege the manner and means by which the underlying theft was committed; *State v. Rivera,* 42 S.W.3d 323, 328–29 (Tex.App.-El Paso 2001, pet. ref'd)(State need not allege manner and means by which underlying offense such as bribery was committed in organized crime case.)

This rule applies with equal force in felony murder cases. See *Yandell v. State*, 46 S.W.3d 357, 362 (Tex. App.—Austin 2001, pet. ref'd)(holding that in a felony murder case that the indictment did not have to include the mental state for the constituent felony offense of deadly conduct because "when an indictment alleges one offense during the commission of a second offense, the elements of the second offense need not be alleged."); see also *McGuire v. State,* 2012 WL 344952, 01-11-01089-CR at 3 (Tex. App.-Houson [1st Dist] 2012, pet. ref'd)(mem. op. not designated for publication)("an indictment for felony murder is not required to allege the constituent elements of the underlying felony.")

Since the elements of the underlying felony offense of driving while intoxicated did not have to be alleged, the State was also clearly not required to prove those elements as part of the stipulation. Rather all the State had to prove to establish the offense of murder in this case was that Appellant had committed the felony offense of driving while intoxicated at the time when he killed Ms. Partida. Appellant's stipulation as to what Deputy Lang would testify conceded that Deputy Lang's testimony would testify truthfully that Appellant had committed the felony offense of driving while intoxicated. [RR-II-16]. Thus that stipulation fully satisfied the felony offense element of felony murder and was therefore a valid stipulation. Thus that stipulation alone was enough to validate Appellant's guilty plea.

But that was not the only independent evidence the State had to validate Appellant's guilty plea. Appellant himself also stipulated that all the acts and allegations contained in the State's indictment were true and correct. [RR-II-16]. Since the indictment contained all of the elements of the charged offense of felony murder, Appellant conceding that all the allegations contained within that indictment were true and correct meant that Appellant directly stipulated that all of those elements were true, including the element that he had been committing the felony offense of driving while intoxicated at the time his actions clearly dangerous to human life caused the

death of Ms. Partida and the fact that his driving while intoxicated offense was a felony because he had at least two prior driving while intoxicated convictions.  [RR-II-16].

As such even without taking in account the stipulation concerning what Deputy Lang would testify to, Appellant's own stipulation was itself also sufficient to fully validate Appellant's plea of guilty for the purposes of Article 1.15.  See *Scott v. State,* 945 S.W. 2d 347, 348 (Tex. App.-Houston [1st Dist] 1997, no pet.)(holding that the defendant agreeing that the elements of the offense alleged in the indictment constitute the evidence in the case was sufficient to satisfy the validation requirements of Article 1.15.)  See also *Brown v. State,* 2012 WL 3594228, 13-11-00595-CR at 3 (Tex.-App. Corpus Christi 2012, pet. ref'd)(mem. op. not designed for publication)(holding that the defendant agreeing and stipulating as part of a guilty plea that all the acts alleged in Count 1 of the indictment was true was evidence that could be used to establish the charged offense.)

Appellant's own stipulation thus also fully established his guilt to this charge.  Nor was Appellant's stipulation simply a regurgitation of Appellant's plea of guilty.  The Court of Criminal Appeals in *Menafee* noted that there is a very real difference between a defendant pleading guilty to a charged offense and the defendant acknowledging that he is guilty of the

charged offense.  See *Menefee v. State,* 287 S.W. 3d 9, 15 (Tex. Crim. App. 2009).  Appellant's action in pleading guilty was itself just a plea of guilty and thus that act by itself would not be enough to validate Appellant's guilt under Article 1.15,  but Appellant's action in stipulating that the allegations contained within the indictment were true and correct was more than just a plea of guilty.  That stipulation constituted an admission that Appellant was in fact guilty of the charged offense.  It was not simply Appellant pleading guilty, it was Appellant swearing in open court that he was in fact guilty of the charged offense.

The indictment for Paragraph 1 contained all the elements necessary to prove Appellant guilty of the offense of felony murder.  Appellant admitted those allegations were true and thus testified that he was in fact guilty of the charged offense.  Thus Appellant's own stipulation was sufficient to validate his guilty plea under Article 1.15.

Furthermore, even if the stipulations as to what Deputy Lang would testify to and the stipulation from the Appellant were somehow not sufficient to validate Appellant's plea of guilty for the offense of murder alleged in Paragraph 1 of the indictment, Appellant's guilt as to that allegation was also substantiated by the evidence that was presented at the remainder of his hearing in this case.

Texas law holds that even if a stipulation as to guilt is defective, a defendant's guilty plea can still be validated by other competent evidence in the record. See *Menefee,* 287 S.W. 3d at 14; See also *Jones v. State,* 373 S.W. 3d 790, 793 (Tex. App.-Houston [14th Dist] 2012, no pet); *Reese v. State,* 2015 WL 4381223, 13-13-00616-CR at 4 (Tex. App.-Corpus Christi 2015)(mem. op. not designed for publication). In this case there was more than enough evidence presented at the Appellant's sentencing hearing to substantiate his guilt to the offense alleged in Paragraph 1 of the indictment.

Evidence was presented at the sentencing hearing that established that Appellant fled from the police in a motor vehicle at a high rate of speed, [RR-III-21], that the Appellant crashed into Ms. Partida's vehicle, [RR-III-21-22, 24; State's Exhibits 1-2], that said crash killed Ms. Partida [RR-III-24], and that Appellant made no effort to avoid crashing into her. [RR-III-31].

Moreover, concerning Appellant's specific claim regarding a lack of evidence to prove his intoxication there was also specific evidence presented at the sentencing hearing to show that Appellant was driving while intoxicated when this crash occurred. This evidence supported both a per se theory of intoxication and an impairment theory of intoxication.

To support the per se theory of intoxication there was blood test evidence that confirmed both the presence of alcohol in Appellant's system and established that his alcohol level would have been over the legal limit at the time of the fatal crash. [RR-III-37]. That is all that is needed for the fact finder to be convinced Appellant committed the offense of driving while intoxicated.

Appellant now attempts to discount this evidence, arguing in particular that the extrapolation intoxication evidence that was presented to the trial court was unreliable. Appellant's argument comes too late though as the extrapolation evidence was admitted into evidence without objection by the Appellant at trial. [RR-III-37]. A challenge to the reliability of evidence needs to be made before that evidence is accepted into evidence. (The *Mata* case, cited by Appellant, itself turned upon the defense challenging the initial admissibility of retrograde evidence. See *Mata v. State,* 46 S.W. 3d 902, 904 (Tex. Crim. App. 2001).) Once Appellant acquiesces to evidence being admitted, Appellant has waived any argument that the evidence is unreliable, and that evidence thus becomes fair game for the fact finder to consider just as the fact finder would consider any other evidence that has been lawfully admitted into evidence.

Moreover, the fact finder is the exclusive judge of the weight and credibility to be given to the evidence. *Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). And when the record could support conflicting inferences from the evidence, the reviewing court, after a finding of guilty, must presume that the fact finder resolved those conflicts in favor of the prosecution and defer to the trial court's determination. *Wise,* 364 S.W. 3d at 903. Nor does it matter that a different fact finder might have made a different determination upon looking at the evidence. See *Jackson v. Virginia,* 443 U.S. 307, 318-319 (1979). The reviewing court must defer to the fact finder's determinations on the weight and credibility to be given to the evidence. See *Brooks v. State,* 323 S.W. 3d 893, 894 (Tex. Crim. App. 2010)(plurality op); *Harvey v. State,* 2011 WL5589281, 13-09-00696-CR at 4 (Tex. App.- Corpus Christi 2011, pet. ref'd)(mem. op. not designated for publication).

Thus in the present case the fact finder had undisputed evidence from the extrapolation evidence that Appellant's alcohol level was above the legal limit at the time of the fatal collision. And it must be presumed the fact finder found that evidence credible and gave it considerable weight since it must be presumed that the fact finder resolved all evidentiary conflicts in favor of finding the defendant guilty of the charged offense. Therefore just

from that evidence alone the fact finder could have rationally concluded that Appellant was driving while intoxicated at the time of the fatal collision under a per se theory of intoxication. Therefore that evidence was sufficient to establish Appellant was driving a vehicle while intoxicated at the time he caused the death of Ms. Partida.

The fact finder could likewise have ratioanlly concluded the Appellant was driving in an impaired state at the time of the fatal collision due to the presence of alcohol in his body. There was evidence that the Appellant had alcohol in his system at that time through both the blood test results [RR-III-37], and there was evidence of Appellant having droopy facial expressions, slurred speech, and glassy eyes. [RR-III-22-23]. Those signs that Appellant was under the influence of alcohol, coupled with the evidence of Appellant's spectacularly poor driving that night which directly caused the death of Ms. Partida [RR-III-21-22, 24, 31] support a reasonable inference that Appellant was suffering a loss of normal use of his physical and/or mental faculties due to the introduction of alcohol into his system while he was operating a motor vehicle at the moment he killed Ms. Partida. And again it must be presumed that the fact finder made such an inference, since all conflicts in evidence must be resolved in favor of upholding the verdict. Thus it must be presumed the trial court also concluded that Appellant was driving while

intoxicated under an impairment theory of intoxication at the moment when he struck and killed Ms. Partida.

Nor is the State required to introduce opinion testimony that a defendant lost the normal use of their mental and or physical faculties or present evidence of field sobriety testing to establish a defendant was impaired. The offense of driving while intoxicated can be proven beyond a reasonable doubt by circumstantial evidence. See *Weems v. State,* 328 S.W. 3d 172, 177 (Tex. App.-Eastland 2010, no pet); *Smithhart v. State,* 503 S.W. 2d 283, 285 (Tex. Crim. App. 1973). Thus the evidence offered at the sentencing hearing was fully sufficient to establish that Appellant was driving while intoxicated at the time he killed Ms. Partida under both a per se intoxication theory and under an impairment intoxication theory.

The evidence at the sentencing hearing likewise established that this driving while intoxicated offense was a felony. Evidence was presented without objection showing that Appellant had three prior driving while intoxicated convictions. [State's Exhibit 36, page 4; State's Exhibit 43, page 4; State's Exhibit 44; RR-III-13]. That the Appellant was the same Christopher Cordil-Cortinas listed on those three convictions was likewise established by the evidence presented at the sentencing hearing. Ms. Amanda Garcia, Appellant's former probation officer, testified at the hearing

where she personally identified Appellant as the person who went on her felony probation case load on July 1, 2013. [RR-III-89-90]. July 1, 2013 is the same day that a Christopher Cordil-Cortinas was convicted in Cause Number 13-4-27529-D of the felony offense of driving while intoxicated and placed on felony community supervision. [State's Exhibit 44]. Appellant himself also acknowledged he had pled guilty to a felony driving while intoxicated offense. [RR-III-177].

Thus on this evidence it would be reasonable for the trial court to conclude that the Appellant is the same Christopher Cordil-Cortinas that was convicted of felony driving while intoxicated in Cause Number 13-4-27529-D. And the indictment for Cause Number 13-4-27529-D (which was admitted into evidence as State's Exhibit 41) alleged the two prior driving while intoxicated offenses for that offense saw Christopher Cordil-Cortinas convicted of driving while intoxicated on October 10, 2007 and December 1, 2010. [State's Exhibit 41]. October 10, 2007 is the same conviction date as the driving while intoxicated conviction a Christopher Cordil-Cortinas received for cause number 2-90,186. [State's Exhibit 36, page 4]. Likewise December 1, 2010 is the same conviction date as the driving while intoxicated conviction a Christopher Cordil-Cortinas received for cause number 1-97118. [State's Exhibit 43, page 4]. Thus if the evidence

supports that the Appellant is the same Christopher Cordil-Cortinas as the one who was convicted of felony driving while intoxicated on July 1, 2013, then that Christopher Cordil-Cortinas must also be the same Christoper Cordil-Cortinas who was previously convicted of driving while intoxicated offenses on October 10, 2007 and December 1, 2010, and that in turn means that the Appellant already had three prior driving while intoxicated convictions at the time of the offense at issue in this case. Appellant did not dispute any of this evidence, and it must be presumed that the trial court gave this evidence substantial weight and found it credible, and thus the evidence presented at the sentencing hearing fully substantiated that Appellant had enough prior driving while intoxicated conviction to make his driving in an intoxicated condition at the time he struck and killed Ms. Partida a felony level offense.

Therefore Appellant's plea of guilty was fully substantiated by three different manners: Appellant's agreement as to what Deputy Lang would testify, Appellant's own stipulation that the allegations contained within the indictment were true and correct, and the evidence that was produced at Appellant's sentencing hearing. As such Appellant plea of guilty to Paragraph 1 was valid and fully complied with the requirements of Article 1.15 and thus that plea of guilty should be affirmed.

## II. The indictment for Paragraph 2 was valid and even if it was not, Appellant waived any claim of error by failing to timely object.

The indictment for Paragraph 2 was likewise valid. It alleged all the elements of the offense of felony murder which is all that is required for a legally valid indictment. [CR-I-6].

Appellant now contends that the indictment as to Paragraph 2 is deficient because it did not allege the mental state for evading arrest/detention in a vehicle. This argument is without merit because, as already discussed in the previous section, the State is not required to allege the elements of the constituent felony offense that enables a felony murder charge. See *Yandell,* 46. S.W. 3d at 362 (holding that the State was not required to allege in a felony murder case alleging deadly conduct as the underlying felony; the culpable mental state of recklessness for the deadly conduct offense.) The mental state for evading arrest/detention in a vehicle is part of the constituent offense of evading arrest/detention in a vehicle. Therefore, since it is merely an element of the constituent offense, rather than an element of the greater offense, it does not have to be alleged within the charging instrument for the greater offense of murder. As such the indictment for Paragraph 2 was sufficient without alleging the culpable mental state for evading arrest/detention in a vehicle.

In the alternative, even if the State was required to allege the culpable mental state of the offense of evading arrest/detention in a vehicle in Paragraph 2 of the indictment, Appellant waived any claim of error for such a defect in the indictment by failing to object to the indictment before trial. Article 1.14(b) of the Texas Code of Criminal Procedure establishes that a defendant waives any challenge to a defect in the indictment if the defendant does not object to the indictment before the date the trial begins. See also *Teal v. State,* 230 S.W. 3d 172, 182 (Tex. Crim. App. 2007). This applies even if the indictment fails to allege the element that establishes the required mental state. *Id.* at 181-182.

The record for the present case clearly shows Appellant never made any sort of objection to the contents of the indictment. Appellant never filed any sort of motion to quash and never verbally objected to the indictment. [CR-I; RR-II-1-12]. Therefore since the Appellant did not object to the substance of Paragraph 2 of the indictment prior to trial, he waived any objection on that basis and is barred from raising such an issue on appeal. Thus Appellant's claim on this point should be denied.

## III. The evidence was sufficient to support Appellant's guilty plea to the offense of felony murder as alleged in Paragraph 2 of the indictment.

The evidence was fully sufficient to validate Appellant's guilty plea to

the offense of felony murder as alleged in Paragraph 2 of the indictment. Appellant stipulated that Stephen Lang would testify that on or about February 27, 2014, the Appellant committed the felony offense of evading arrest/detention in a vehicle, and that in the course of and in furtherance of committing that felony the Appellant committed an act clearly dangerous to human life, specifically driving at an excessive rate of speed, disregarding a traffic signal, and driving a motor vehicle into a vehicle being driven by Ms. Cynthia Partida, which caused the death of Ms. Partida. [RR-II-16-17]. This stipulation established all the elements of the offense of felony murder, and thus it was by itself sufficient to fully validate Appellant's plea of guilty to this offense. See *Stone,* 919 S.W. 2d at 426.

Appellant also personally stipulated that all of the acts and allegations contained within Paragraph 2 of the indictment were true and correct. [RR-II-17]. Paragraph 2 contained all of the elements of the offense of felony murder. [CR-I-6]. Therefore since the indictment contained all of the elements necessary to establish Appellant committed the charged offense of felony murder while committing the underlying felony of evading arrest/detention in a vehicle, Appellant's admission that the accusations against him were true, was likewise by itself sufficient to fully establish he was guilty of the offense of murder as alleged in Paragraph 2 of the

indictment.  See *Scott,* 945 S.W. 2d at 348; *Brown,* 13-11-00595-CR at 3.  A defendant swearing that he is guilty is very different than the defendant simply pleading guilty, and thus the Appellant admitting in open court that the allegations against him in Paragraph 2 were true is enough to substantiate his guilty plea to those allegations.

Evidence presented at the sentencing hearing also fully substantiated that Appellant committed the offense of felony murder as alleged in Paragraph 2 of the indictment.  At that sentencing hearing the State presented the testimony of Deputy Stephen Lang.  [RR-III-15].  Deputy Lang testified as to how on February 27, 2014, while he was in uniform and driving a marked police car, he initiated a traffic stop on the Appellant, who could clearly see him.  [RR-III-16-17, 20].  Deputy Lang then described how the Appellant, in response to Deputy Lang's request for his driver's license, took off in his vehicle, fleeing from Deputy Lang.  [RR-III-21].  Deputy Lang then established that while fleeing from him, Appellant struck Ms. Partida's vehicle, killing her.  [RR-III-21].

Deputy Lang's testimony  thus fully established everything needed to prove the underlying evading arrest/detention in a vehicle allegation.  That testimony established that the Appellant knew Deputy Lang was a peace officer, established that Deputy Lang was lawfully detaining the Appellant,

and established that the Appellant fled from Deputy Lang in a motor vehicle (during which time the Appellant killed Ms. Partida). Intent can be inferred from the circumstances surrounding an act. See *Smith v. State,* 965 S.W. 2d 509, 518 (Tex. Crim. App. 1998). As such the fact finder would be able to conclude from Deputy Lang's testimony and from the video evidence that Appellant had the requisite mental state to commit the felony offense of evading arrest/detention in a vehicle based on Appellant's actions that night. And the testimony of a single witness is sufficient as a matter of law to prove a defendant's guilt beyond a reasonable doubt if the fact finder finds that witness's testimony proves every element of the offense beyond a reasonable doubt. See *Aguilar v. State,* 468 S.W. 2d 75, 77 (Tex. Crim. App. 1971). Thus the testimony of Deputy Lang by itself was legally sufficient to prove Appellant committed the underlying felony offense of evading arrest/detention in a vehicle if the fact finder found that testimony credible which it must be presumed the fact finder did. See *Wise,* 364 S.W.3d at 903.

Now was Deputy Lang's testimony the only evidence the State had that showed Appellant had intentionally fled from Deputy Lang in a vehicle while knowing Deputy Lang was a peace officer who was trying to detain him. The State also offered video evidence that showed Appellant fleeing

from Deputy Lang. [State's Exhibit 1]. This video evidence likewise made it abundantly clear that Appellant had the culpable mental state necessary for the offense of evading arrest/detention in a vehicle.

The Appellant also testified in open court that he had fled from the police and acknowledged that it was foolish of him to do so. [RR-III-166]. Thus beyond Deputy Lang's testimony and an actual video showing Appellant committing the crime, the trial court also had Appellant's own judicial confession that he committed the felony offense of evading arrest/detention in a vehicle. That admission by the Appellant also fully established that he had the required mental state for that particular offense. Thus the trial court had overwhelming evidence to substantiate that Appellant committed the underlying felony offense of evading arrest/detention in a vehicle, and that evidence fully covered all of the elements of that particular offense.

As such based upon Appellant's agreed upon stipulation as to what Deputy Lang would testify, Appellant's own stipulation that the allegations contained within the indictment were true and correct, and the evidence that was presented at the sentencing hearing, there was overwhelming independent evidence to corroborate the Appellant's plea of guilty to Paragraph 2 of the indictment. Therefore Appellant's plea to that accusation

was a valid guilty plea and should be upheld.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State prays that this

Honorable Court affirm the judgment of the trial court.

.

**Respectfully submitted,**


**STEPHEN B. TYLER**
**CRIMINAL DISTRICT ATTORNEY**

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone:  (361) 575-0468
 Facsimile: (361) 576-4139


**ATTORNEYS FOR THE APPELLEE,**
 **THE STATE OF TEXAS**

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that the number of words in Appellee's Brief submitted on August 18, 2015, excluding those matters listed in Rule 9.4(i)(1) is 5,885.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139

## CERTIFICATE OF SERVICE

I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that a copy of the foregoing brief has been served on Dayna Jones, 1800 McCullough, San Antonio, Texas 78212, Attorney for the Appellant, Christopher Cordil-Cortinas, by placing the same in the United States mail on the day of August 18, 2015.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139